# First National Bank, Appellant, *v.* Gitt and Delone.

*Partnerships—Existence of partnership—Evidence—Insufficiency —Going business—Assignment to alleged partners—Status of Assignees—Trustees—Assignment for creditors—Accounting—Commissions—Tenants in common — Sharing of profits — Promissory notes—Nonsuit.*

1. A division of the product of property between tenants in common does not make them partners, although they may have contributed labor or money to raise it.

2. In an action on promissory notes against two defendants as copartners it appeared that the owner of a going business entered into a written agreement with the defendants under which he turned over his entire estate to them for the purpose of administration; that they were to convert the property into cash and apply the proceeds first to the payment of the claims of creditors, then to the payment of an annuity to the assignor, then to other purposes specified; and that defendants were to retain for themselves the residue which might be left after such payments had been made. It did not appear that any profits were made, or that the business was carried on for that purpose or that there was any understanding between the defendants as to the sharing of profits, or that they held themselves out as partners to the plaintiff. The notes in question were given by one defendant and represented an old indebtedness of the assignor's business, such defendant endorsing the notes in the business name and individually. The other defendant had nothing to do with the negotiation of the notes. *Held,* the defendants were not partners but trustees, and a compulsory nonsuit was properly entered as to the defendant who did not endorse the note.

3. The transaction was in the nature of an assignment for the benefit of creditors, involving an accounting; the residue representing commissions of the assignees.

Argued May 14, 1917.   Appeal, No. 234, Jan. T., 1916, by plaintiff, from judgment of C. P. York Co., Jan. T., 1915, No. 106, refusing to take off compulsory nonsuit in case of First National Bank of Hanover, Pennsylvania, v. H. N. Gitt and Charles J. Delone, Trading and doing business as S. L. Johns Cigar Company.   Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Assumpsit on two promissory notes.   Before Ross, J. The facts appear by the opinion of the Supreme Court.

The lower court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiff appealed.

*Error assigned,* among others, was in refusing to take off nonsuit.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellant.—One who is entitled to a share of the profits arising from joint property, is by operation of law the partner of the other joint owner and is liable upon an obligation incurred by the other in regard to the joint business with the joint property: Purviance v. McClintee et al., 6 S. & R. 259; Edwards v. Tracy, 62 Pa. 374; Caldwell v. Miller, 127 Pa. 442; Righter v. Farrel, 134 Pa. 482; Wessels & Co. v. E. Weiss & Co., 166 Pa. 490; Bradly v. Jennings, 201 Pa. 473.

Right to division of profits constitutes partnership: Simpson v. Summerville, 30 Pa. Superior Ct. 17.

*V. K. Keesey,* for appellees.—Even if defendants be considered common owners of the property, subject to certain charges, they could convert it into cash without incurring the liability of partners: Butler Savings Bank v. Osborne, 159 Pa. 10; Taylor v. Fried, 161 Pa. 53; Walker v. Tupper, 152 Pa. 1; Denithorne v. Hook, 112 Pa. 240.

Defendants were not partners but cotrustees: Ahl's App., 129 Pa. 26.

The relationship of mutual agency does not exist among cotrustees: Graham's Est. (No. 1), 218 Pa. 344.

OPINION BY MR. JUSTICE POTTER, June 30, 1917:

This is an appeal from the refusal of the court below to take off a judgment of compulsory nonsuit. The action was assumpsit brought to recover from the defendants, as partners, the amount of two certain promissory notes made by L. M. Long & Co. to the order of S. L. Johns Cigar Company, and endorsed in that name by H. N. Gitt, and by H. N. Gitt personally. In plaintiff's statement of claim it was averred that, on the dates of the notes in question, "H. N. Gitt and Charles J. Delone were copartners, trading and doing business under the name of S. L. Johns Cigar Company," and that the notes

"were taken, endorsed and delivered to the plaintiff in and about the business of the said copartnership of H. N. Gitt and Charles J. Delone, trading and doing business as S. L. Johns Cigar Company, and for the benefit and in the business of the said copartnership."

The defendant Gitt made no defense to plaintiff's demand, but Charles J. Delone filed an affidavit of defense, in which he denied that he was a copartner with Gitt, or had traded as S. L. Johns Cigar Company, or was in any way liable on the notes in suit.

Upon the trial, at the close of plaintiff's evidence, the court entered judgment of compulsory nonsuit, upon the ground that no partnership had been made out, and no liability upon the part of Delone had been established. Plaintiff has appealed, and its counsel contend that the evidence offered was sufficient to establish the fact that the defendants purchased property which they employed for their mutual profit, and that the obligations, upon which this action was brought, were incurred in the management of a business from which they were jointly entitled to the net profits, and in which, it is argued, they were, therefore, partners.

In an article of agreement which was offered in evidence, it was set forth that, being desirous of relief from the cares growing out of the involved condition of his business affairs, S. L. Johns, upon the conditions named, turned over his entire estate to Gitt and Delone for the purpose of administration. They were to convert the property into cash as in their judgment should be advisable. The proceeds were to be applied, first in payment of the claims of creditors, then in payment of an annuity to Johns for ten years, and after that the fixed sum of $40,000 was to be paid to him. In addition they were to pay to Johns or his heirs such sum as should be necessary to acquire a clear title to his residence and contents, and to a certain farm property with stock and implements. Provision for the payment of certain other sums was also made, and if Gitt and Delone succeeded in

these undertakings, they were to retain for their own use "all the proceeds and property remaining after the above provisions have been complied with." It thus appears that, while Johns made an absolute conveyance of his property to Gitt and Delone, they took it only for the purpose of liquidation, and subject to the payment of all the indebtedness of Johns, and of the various other sums specified. They were to have for themselves only the residue which might be left after those payments were made. A division of the product between tenants in common does not make them partners, although they may have contributed labor or money to raise it. No presumption of partnership arises from the mere fact of cotenancy: Taylor v. Fried, 161 Pa. 53. The defendants in this case were clearly trustees of the property and were liable to account as such: Ahl's App., 129 Pa. 26. We find nothing in the agreement which expressly constitutes the defendants actual partners, and the record is bare of evidence tending to show that they ever held themselves out to the public as such, nor does it appear that the plaintiff in this case extended credit to them as partners. The testimony shows that the notes in question represented old indebtedness of L. M. Long & Co. to the cigar company. All the negotiations with the bank were conducted by H. N. Gitt, who endorsed the notes, signing the name of S. L. Johns Cigar Company, and also endorsing as an individual. The defendant Delone had nothing to do with the negotiation of the notes. The agreement discloses no intention that the business should be carried on for the purpose of making profits nor does it appear that any were realized. It was only after the indebtedness of Johns had been discharged, and the various sums specified had been paid, and the plan had been successfully carried out by Gitt and Delone, that they were to retain whatever money remained in their hands, as compensation for their services. Such a sum could not fairly be regarded as the profits of a business venture. More properly speaking, it

would be residue derived from the corpus of the assigned estate, as the entire transaction was in the nature of an assignment for the benefit of creditors, with the compensation of the assignees dependent upon the skill and ability displayed in settling the affairs of the estate.

In their argument, counsel for appellant make specific complaint of the action of defendant Delone in retaining certain shares of telephone company stock which were obtained as partial security upon the indebtedness of L. M. Long, evidenced in part by the notes in question. We do not see, however, that this has anything to do with the question of partnership. Under the agreement, it was the duty of Gitt and Delone to collect this indebtedness, as well as all other sums due to Johns, and as trustees they are liable to account to Johns, and perhaps to his creditors, for the moneys they received. But in the present suit the effort is to hold them as partners, and not as trustees. Our examination of the record leads us to agree with the conclusion of the court below that the evidence does not show that there was any understanding between Gitt and Delone as to any sharing of profits, nor does it appear that Delone in any way gave plaintiff reason to believe that any partnership existed between Gitt and himself. The nonsuit was properly entered, and the refusal to take it off was justified.

The judgment is affirmed.