# Delone, Appellant, *v.* First National Bank of Hanover.

*Equity—Restoration of property pledged — Fraud — Trust and trustees—Findings of fact.*

1. A bill in equity for a decree requiring defendant, a bank, to restore to plaintiff certain property which he had pledged to it, is properly dismissed, when the court finds, from sufficient evidence, that plaintiff had been guilty of bad faith, that the property in

question did not belong to him, but to a trust estate, and that he had juggled with it for his own benefit.

2. In such a case the court, in dismissing the bill, may properly decree that the property in question shall "remain in the possession of defendant subject to the further order of the court."

Argued May 18, 1920. Appeal, No. 170, Jan. T., 1920, by plaintiff, from decree of C. P. York Co., Aug. T., 1917, No. 5, dismissing bill in equity, in case of C. J. Delone v. First National Bank of Hanover. Before Brown, C. J., Moschzisker, Frazer, Walling and Simpson, JJ. Affirmed.

Bill in equity to compel restoration of pledged property. Before Ross, J.

The opinion of the Supreme Court states the case.

The trial court entered the following decree: "The bill is dismissed at the costs of plaintiff, the property included in the suit to remain in the possession of defendant, subject to the further order of this court." Plaintiff appealed.

*Error assigned,* among others, was decree of court, quoting it.

*V. K. Keesey,* for appellant.

*H. C. Niles,* with him *M. S. Niles, C. A. May* and *Geo. E. Neff,* for appellee.

Per Curiam, June 26, 1920:

The prayer of the plaintiff's bill was for a decree requiring the defendant to restore to him property which he had pledged to it to secure the payment of what it claimed was a liability by him. The decree was refused, not on the ground that such liability had been established, but for the reason that the pledged property did not belong to the plaintiff. It was found to be part of the assets of a trust created by S. L. Johns, against

which the defendant had a claim. The finding of the learned chancellor was that the appellant had been guilty of very bad faith, and it was said of him: "The evidence in the case reveals the plaintiff in the position of a trustee who has juggled, for his own benefit, the assets which he held as trustee for the benefit of the creditors of S. L. Johns." The decree, which followed supported findings, properly leaves the pledged property with the defendant, subject to the further order of the court below.

Decree affirmed at appellant's costs.