# First National Bank of Hanover v. Gitt (et al., Appellant).

*Equity—Findings of fact—Assignment for creditors—Accounting—Rights of plaintiff in assigned estate.*

1. On a bill in equity for the payment of money and for an accounting, where the case turns on whether plaintiff was a creditor of a person who had made an assignment for creditors to the defendants, a finding by the court that plaintiff was in fact such a creditor will not be reversed where there is competent evidence to support the finding.

Argued May 18, 1925. Appeal, No. 303, Jan. T., 1925, by C. J. Delone, defendant, from decree of C. P. York Co., Oct. T., 1917, No. 3, for plaintiff, in suit of First National Bank of Hanover v. H. N. Gitt and C. J. Delone. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for payment of money and for an accounting. Before BARNETT, P. J., specially presiding.

The opinion of the Supreme Court states the facts. See also First National Bank v. Gitt & Delone, 259 Pa. 84, and Delone v. First Nat. Bank, 268 Pa. 226.

Decree for plaintiff. C. J. Delone appealed.

*Error assigned* was, inter alia, decree dismissing exceptions to findings of fact and law, quoting record.

*V. K. Keesey,* of *Schmidt, Keesey, Stair & Kurtz,* and *C. J. Delone,* for appellant.

*Henry C. Niles,* with him *Michael S. Niles, Charles A. May* and *George E. Neff,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 27, 1925:

Appellant states the sole issue is whether appellee bank is a creditor of S. L. Johns, entitled to participate in his property conveyed to appellant in pursuance of the agreement of January 23, 1904. If a creditor, it is entitled to payment of the full amount of the notes and no account is necessary. The court below decreed an accounting.

Appellee became a creditor in the following manner: L. M. Long & Company was the maker and the S. L. Johns Cigar Company, a trade name used by Johns, the payee of two notes endorsed by the payee to the bank; later they were further endorsed by H. N. Gitt. Appellant contends that, by agreement in 1906, the bank released the assigned estate of Johns from liability and accepted in lieu thereof the liability of Gitt. It is not our purpose to review the facts. They have been before this court often enough. When suit was brought on the same notes, a compulsory nonsuit was entered because "no liability on the part of Delone [appellant here] had been established": First National Bank v. Gitt & Delone, 259 Pa. 84. Later, in an attempt to recover from

this appellee telephone stock and a mortgage placed in its name to abide the result of certain litigation, the property being claimed by plaintiff in his own right, the court found it trust property for the use and benefit of Johns's creditors mentioned in the agreement of 1906: Delone v. First National Bank, 268 Pa. 226. The bank was such creditor.

As we view Delone v. First National Bank, supra, the bank's right to hold the stock and mortgage was entirely dependent on its position as a creditor of Johns; if it was no creditor it could not hold this property unless it represented other creditors, and there was no contention it did. The twelfth finding of fact concludes that, at the time the notes were delivered to Gitt and Delone, the bank was a creditor of S. L. Johns, having discounted notes of his before maturity on his endorsement. After the agreement of 1906 the notes referred to were renewed from time to time in the name of the S. L. Johns Cigar Company, endorsed as stated. The nineteenth finding specifically states that, at the date of that litigation, defendant on these two notes was an unpaid creditor of S. L. Johns.

The property was procured by Johns's trustees, appellant and Gitt, from Long to relieve Johns's estate. With this property reduced to cash, or other money from the estate, payment of the notes held by banks could be made. Johns had been liable therefor as an endorser, and by the transfer became primarily liable unless it clearly appeared the bank accepted one of the trustees as responsible. The court below refused to find such acceptance by the bank. Delone v. First National Bank, supra, decides this case. Appellant states it was not necessary to find appellee a creditor to decide that case. We do not agree to this; such fact was an essential element. If appellee is not permitted to collect now, the door being closed against appellant personally as a result of the litigation reported in 259 Pa. 84, appellee would be in a bad plight. While the court may have been un-

necessarily severe in its characterization of Delone's acts, the record discloses considerable delay even though there was no wrongdoing. The legal questions should have been determined before this.

The decree of the court below is affirmed with this modification, that, if the notes, with interest, as stated in the eighth finding of fact, are paid within thirty days, then that portion of the decree requiring an accounting falls. If they are not so paid, the decree is affirmed; costs in any event to be paid by appellant.