# Morel *v.* Morel, Appellant.

*Real estate—Use with owner's consent—Implied promise to pay —Assumpsit.*

Assumpsit is the proper action to recover compensation for the occupation of real estate by a stranger with the owner's consent. In such case, in the absence of evidence of license, the use and occupation implies a promise to pay the quantum valebat and a verdict for the plaintiff will be sustained.

Argued March 7, 1921. Appeal, No. 9, March T., 1921, by defendant, from judgment of C. P. Lackawanna County, May T., 1918, No. 374, in favor of plaintiff in the case of Sophie Morel v. Louis Morel. Before ORLADY,

Statement of Facts—Opinion of Court below.  [76 Pa. Superior Ct.
P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN,
JJ.  Affirmed.

Assumpsit for use and occupation of plaintiff's land
and barn.  Before NEWCOMB, J.

The case was referred to A. S. Prokopovitch, Esq., as
referee, under the provisions of the Act of April 6, 1869,
-P. L. 725, as supplemented by the Act of June 22, 1871,
P. L. 1363.

The referee directed the prothonotary to enter an
award in favor of the plaintiff in the sum of $720.

On exceptions to the referee's award the court dis-
missed the exceptions in the following opinion:

In matters of form this report is open to criticism;
but at that it compares favorably with the rest of the pro-
ceedings.

Judgment had been taken against defendant as for de-
fault for want of an affidavit of defense.  The entry was
erroneous because an affidavit had in fact been filed and
thus no default had occurred.

Yet instead of having the judgment vacated, the ir-
regularity was ignored and by paper filed counsel sub-
mitted to the referee "the matters at issue between the
parties."

On the face of the record there was no issue at that
time.  The issue theretofore arising out of the pleadings
had been disposed of by the judgment; and so long as
that stood undisturbed the litigation was at an end.

But the parties voluntarily treated the merits as still
open to contest and saw fit to avail themselves of a statu-
tory method of trial which can be resorted to only by
agreement while the action is pending, and at issue.
They went to trial accordingly and the award was in
plaintiff's favor except so far as the claim was barred by
the statute of limitations.  She had sued for the value of
the use and occupation of a small barn and its curtilage.

In view of the record at the date of reference the con-
duct of the parties can be accounted for only on the sup-

position that the real dispute had reduced itself to that of the quantum valebat; and the judgment was allowed to stand as security pending the referee's award. That, indeed, was the referee's understanding as appears by what is said in his report. His assessment is supported by sufficient evidence; the parties are brother and sister; the premises in question is parcel of their deceased father's estate; and for reasons of both form and substance it is better that the litigation be ended.

The exceptions are overruled and the report is confirmed.

*Error assigned,* among others, was in overruling exceptions.

*C. B. Price,* and with him *S. B. Price* and *J. H. Price,* for appellant.

*Saverioe Rosato,* and with him *John Memolo,* for appellee.

OPINION BY LINN, J., April 18, 1921:

Though twelve assignments of error are filed, but two questions are presented: (1) Whether defendant occupied his sister's land in circumstances requiring him to pay for use and occupation; and, (2) if so, how much? The parties agreed to refer the case under the local Act of April 6, 1869, P. L. 725, supplemented by the Act of June 22, 1871, P. L. 1363. The evidence discloses a dispute about the facts, and from it the referee concluded that a liability existed and fixed the amount at $720. There is evidence to sustain his conclusions. We need add nothing to what was said by the court below in dismissing exceptions to the referee's findings by an opinion that will be printed with the report of this case.

The judgment is affirmed.