## Hinsdale v. Call, Appellant.

*Practice—Practice Act of 1915—Implied assumpsit—Pleadings —Sufficiency.*

There is no provision of the Practice Act of 1915 which forbids a claim on an implied assumpsit. If the plaintiff's statement contains a recital of the facts, out of which the action arises, and gives the defendant clear and definite information of the demand, it is too late after the case has gone to trial and a verdict been rendered to object that recovery was allowed on an implied assumpsit where the statement set forth an express contract.

*Practice, Superior Court—Appeal—Question not raised in court below.*

Where a case was tried in the lower court on an issue of fact, and no objection was made to the form of the plaintiff's statement the Superior Court will not consider, upon appeal, a question of law not properly presented to the trial court for determination.

Argued October 18, 1921. Appeal, No. 215, Oct. T., 1921, by defendant, from judgment of the Municipal Court of Philadelphia, Jan. T., 1921, No. 248, on verdict for plaintiff in case tried by the court without a jury in suit of Harry Hinsdale, trading as Philadelphia Trucking Co., v. John A. Call. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for services rendered. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for plaintiff in the sum of $117. Defendant appealed.

*Error assigned* was refusal to affirm defendant's point that the verdict should be for defendant.

*Francis J. Walsh,* for appellant.—The action being upon an express oral contract, and there being no sufficient evidence to prove such contract, the judgment must be reversed: Rigg v. Blackburn, 53 Pa. Superior Ct. 302; Bickham v. Smith, 55 Pa. 335; Strickland v. Iset & Wray, 186 Pa. 280; Fritch v. Citizens Bank, 202 Pa. 287.

*Edwin Fischer,* of *Rose & Fisher,* for appellee.—This case is ruled by Snyder v. Steinmetz, 6 Pa. Superior Ct. 341.

The plaintiff is permitted to join in one action a claim upon an express contract and one upon a quantum meruit: Winters v. Mowrer, 1 Pa. Superior Ct. 47; Pittsburgh Construction Co. v. West Side Belt R. R. Co., 17 District Reports 733; Wagle v. Bartley, 11 Atlantic Reporter 223; 8 Sadler 271.

OPINION BY HENDERSON, J., December 12, 1921:

This appeal is from an action in assumpsit for transporting a truckload of steel from Philadelphia to Norwich, Conn. The case was tried by the presiding judge without a jury. The complaint now is that under the evidence the decision should have been in favor of the defendant. The evidence shows that there was an oral agreement to transport about four and one-half tons of the steel. The truck was loaded at the defendant's plant, and his employees placed the load on the truck, or assisted in so doing. It was ascertained before the truck was started on the trip that the load weighed nearly seven tons. The attention of the defendant was called to the discrepancy between the actual weight and the load contracted for, and he alleged that he told the plaintiff's agent to remove the excess if the truck was overloaded. The instruction, the witness stated, was given over the telephone in the course of a conversation with the plaintiff's agent. The agent said to him, "We can't take it off," to which he replied, "Well, it is up to you." Then

the defendant went away from the telephone and left his wife there. The plaintiff's agent said that the defendant asked in the telephone conversation, "What will it cost to take it over?" To which the agent replied, "I don't know; I will call up the office and find out." Having received instructions from the office, he called the defendant again, and the latter's wife answered the call. She afterwards informed the defendant of this call, but the defendant professed not to recollect what his wife said the agent told her in reference to the price for the hauling. The evidence would lead to the conclusion that the defendant, after having instituted an inquiry as to what the cost of hauling the extra load would be, went away leaving his wife to receive the information. She was not called as a witness for the defense, and the question of the credibility of the witnesses is one for the consideration of the trial judge.

The point suggested in the statement of the questions involved, that the plaintiff declared on an express contract but proved an implied one and therefore could not recover under the pleadings, was not presented in the affidavit of defense, nor does it appear to have been brought to the attention of the court by a request for a ruling. The question tried was one of fact, to wit, Was the steel transported by the direction or consent of the defendant? Having tried the case on that issue, the appellant ought not now to be heard on a question of law not properly presented to the trial court for determination. Having proceeded to trial without objection to the form of the plaintiff's statement, it is too late to raise the question in the appeal to this court. Nor do we regard the objection as well taken. The statement contains a recital of the facts out of which the action arises, and our attention has not been called to any provision of the Practice Act of 1915, nor of any preceding statute which forbids a claim on an implied assumpsit. It is requisite under the statute that the statement give the defendant clear and definite information of the nature

of the plaintiff's demand, and there is authority in Winters v. Mowrer, 1 Pa. Superior Ct. 47, in support of the statement of claim. It is admitted that the steel was hauled to Connecticut, and there is no contradiction in the evidence to the plaintiff's assertion that a reasonable price for such service would be $250. There was evidence, therefore, to support a finding for the plaintiff on a quantum meruit, and of this demand the plaintiff had notice in the statement of the claim.

On an examination of all of the evidence, we are not convinced that an error was committed by the trial judge in reaching his conclusion.

The judgment is affirmed.