# Ehmling v. D. L. Ward Co., Appellant.

*Evidence—Books of account—Verification—Discretion of trial judge—Province of jury—Share of profits—Services.*

1. The oath of one under whose supervision books of account were kept may be sufficient to justify their admission as evidence,

where the persons who actually made the entries cannot be produced at the trial.

2. The trial judge can see and examine the books and the question of their competency is largely a matter confided to his discretion.

3. In an action to recover a share of net profits in a department of a business, which plaintiff claimed as part of his compensation for conducting the department, he may offer in evidence books of account kept under his supervision by clerks whom he could not produce in court; and if the books cover a long period of time and a vast number of items, he may, as a matter of convenience, be permitted to give a summary of their contents as to net profits.

4. Such a case is for the jury, but the jury are not bound by the results testified to by plaintiff, but may take into consideration the credibility of the witness, and make their own calculations from the books.

*Assumpsit—Accounting—Remedy—Account-stated—Partnership —Proof of—Share of profits—Services.*

5. Where, in an action of assumpsit, plaintiff sues for a portion of net profits claimed by him as compensation for services in a business, and both sides submit their proofs and accounts to the jury, defendant cannot claim that the jury could only decide whether or not there should be an accounting.

6. Whether defendant by timely objection can defeat the action of assumpsit, in the absence of an account-stated, not decided.

7. In such case, the mere fact that plaintiff was found entitled to a share of profits as compensation for services, does not show a partnership.

*Appeals—Question not raised below—Waiver—Form of action— Trial on merits.*

8. Where no quesion is raised as to the form of action or the nature of the proceedings in the court below, defendant will be regarded as having waived the objection, and will not be permitted to raise it for the first time on appeal, after trial on the merits.

*Appeals—New trial—Discretion of court.*

9. The appellate court will only interfere with the action of the trial court in refusing a motion for a new trial, to correct a manifest abuse of discretion.

Argued January 18, 1924. Appeal, No. 51, Jan. T., 1924, by defendant, from judgment of C. P. No. 2, Phila.

Co., June T., 1921, No. 677, on verdict for plaintiff, in case of Alexander Ehmling v. D. L. Ward Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for share of profits as compensation for services. Before RENO, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $20,538.45. Defendant appealed.

*Errors assigned* were, inter alia, refusal of judgment for defendant n. o. v., and refusal of new trial, quoting record.

*George Wharton Pepper* and *Arthur E. Hutchinson,* with them *W. Logan MacCoy,* for appellant.—The court below erred in admitting plaintiff's books or memoranda in evidence: Fulton's Est., 178 Pa. 78; Com. v. Hilton, 74 Pa. Superior Ct. 20; Muncy v. Taxi Service Co., 269 Pa. 97; Com. v. Berney, 28 Pa. Superior Ct. 61; Chaffee v. U. S., 85 U. S. 516; Conn. Ins. Co. v. Schwenk, 94 U. S. 594.

The court erred in not entering judgment for defendant non obstante veredicto: Reeside v. Reeside, 49 Pa. 322; Elmer v. Hall, 148 Pa. 345; Burton v. Trainer, 27 Pa. Superior Ct. 626; Swartley v. Kiefaber, 14 Pa. Dist. R. 771; Backer v. Remov, 69 Pa. Superior Ct. 138; Simpson's Est., 253 Pa. 217.

*Frank H. Schrenk,* for appellee.—The entries in the books were made by the clerks at the time of the transactions. Plaintiff supervised the keeping of the entries and of the books, and the entries were accurate and complete.

An interesting and somewhat analogous Pennsylvania case of assumpsit for wages is Nichols v. Haynes, 78 Pa. 174.

The following cases supply the principle that plaintiff's books should have gone to the jury: Darlington v. Taylor, 3 Grant 195; Coe v. Hutton, 1 S. & R. 398; Ryder v. Jacobs, 196 Pa. 386.

OPINION BY MR. JUSTICE WALLING, March 3, 1924:

In 1918 the defendant, D. L. Ward Company, being engaged in the distribution of paper in Philadelphia, established a department of its business at 619 Ranstead Street, known as the "papeterie department," for the manufacture and sale of stationery. Alexander Ehmling, the plaintiff, was manager of this department from October 12, 1918, until April 21, 1921. Thereafter he brought this suit in assumpsit, claiming one-half of the net profits of the department during his management, which one-half he averred amounted to $26,198. Defendant denied plaintiff's right to share in the profits and also denied that any net profits were made during such management. Plaintiff recovered a verdict for $20,-538.45, and from judgment entered thereon defendant brought this appeal.

The case turned largely on questions of fact. Plaintiff testified that, by an oral agreement made with D. L. Ward, defendant's president and general manager, he (plaintiff) was to have for his services a salary of $150 a month and in addition one-half of the net profits of the department. Mr. Ward denied that the agreement included any share of the profits. Each was to some extent corroborated and the jury found against the defendant.

Plaintiff kept what purported to be a set of books of original entry, showing the receipts and expenditures of the department. The entries in the books were written by one clerk and later by another, both of whom seem to have left the jurisdiction and neither was, nor, so far as appears, could have been produced at the trial. Plaintiff testified, however, that the books were accurately kept under his personal supervision; also that they were open to and from time to time inspected by the defendant's

officers. In view of this testimony their admission in evidence was not error: see Nichols v. Haynes, 78 Pa. 174. The oath of one under whose supervision books of account were kept may be sufficient to justify their admission as evidence: 3 Wigmore on Evidence, 2d ed., p. 278; see also Chaffee v. United States, 85 U. S. 516, 541. The trial judge can see and examine the books and the question of their competency is largely a matter confided to his discretion: 10 R. C. L. 1175; 17 Cyc. 463; Caffery et ux. v. Phila. & R. Ry., 261 Pa. 251, 255; 3 Wigmore on Evidence, 2d ed., 278.

The books extended over a period of more than two and one-half years and embraced a vast number of items; it was therefore proper, as a matter of convenience, to permit plaintiff, who was familiar with them, to give a summary of their contents as to net profits. "Where the results of voluminous facts contained in writings, or of the examination of many books and papers or records, are to be proved, and the necessary examination of this documentary evidence cannot be conveniently or satisfactorily made in court, it may be made by an expert accountant or other competent person and the results thereof may be proved by him, if the books, papers, or records themselves are properly in evidence, or their absence satisfactorily explained, the admission of such testimony being a matter resting largely in the discretion of the trial court. It seems, however, that the jury are not bound by the results thus ascertained, but may make their own calculations from the books and papers in evidence": 22 C. J. 1017; 17 Cyc. 511. Defendant kept a set of books, embracing this department, which was also received in evidence, together with oral testimony. Plaintiff's statement avers the entire receipts of his department were $169,412.94, which is admitted in the affidavit of defense. The dispute, as to this branch of the case, was as to the total expense which plaintiff said amounted to $128,556.13, while defendant contended it was, all told, over $200,000, and that, after making al-

lowance for increase in inventory and all other possible credits, left a net loss of over $8,000. This was purely a question of fact, and the credibility of the witnesses, and also of the books, was for the jury.

There were some errors pointed out in plaintiff's books, which may account for the verdict being less than the claim; but the claim found sufficient support in plaintiff's books and oral evidence to take the case to the jury. That being so, binding instructions could not have been given for defendant because of the strength of the opposing proofs: Saxman v. McCormick, 278 Pa. 268; Thomas v. Penna. R. R. Co., 275 Pa. 579; Duffy v. York Haven W. & P. Co., 233 Pa. 107; and see Dalmas v. Kimble, 215 Pa. 410; Hagan Lumber Co. v. Duryea Sch. Dist., 277 Pa. 345.

Furthermore, we cannot now turn plaintiff out of court on the ground that he should have filed a bill in equity or brought an action of account render and not assumpsit; no such question was raised or suggested in the trial court; on the contrary, the defendant there filed a responsive affidavit of defense and went to trial upon the merits. An appellate court cannot consider a case upon a new theory not suggested in the lower court: Saxman v. McCormick, supra; Miller v. Belmont P. & Rubber Co., 268 Pa. 51; Morrett v. Fire Assn. of Phila., 265 Pa. 9; G. B. Hurt v. Fuller Canneries Co., 263 Pa. 238; Weiskircher v. Connelly, 256 Pa. 387; Armstrong & Latta v. Phila., 249 Pa. 39; Hinsdale v. Call, 78 Pa. Superior Ct. 121; Flyte v. Stover, 72 Pa. Superior Ct. 531.

Again, the court of common pleas had jurisdiction of the parties and of the subject-matter and, by going to trial upon the merits and taking its chances of a verdict, defendant waived any question as to the form of the action, and cannot raise one for the first time on appeal. "Where a wrong form of action is adopted, and the parties go to trial on the merits, without objection to the form of the remedy, this court will not notice the point

on a writ of error": Bennet et al. v. Bullock, 35 Pa. 364. "Where no question is raised as to the form of the action or the nature of the proceedings in the court below to obtain relief, the defendant will be regarded as having waived the objection and will not be permitted to raise it for the first time in the reviewing court": 2 Cyc. 679; see also Rank v. Rank, 5 Pa. 211; Maus v. Maus, 6 Watts 275; Taylor v. Sattler, 6 Pa. Superior Ct. 229.

The suggestion that the jury could decide only whether or not there should be an accounting is untenable. Both sides submitted their proofs and accounts to the jury and it was its duty to pass upon them, difficult though the task might be. The Act of April 4, 1831, P. L. 492, 1 Purdon, 13th ed., 230, expressly empowers the jury to settle the accounts and find the amount due in actions of account render; this they may do without a formal judgment of quod computet being first entered: Mc-Lean's Executors v. Wade, 53 Pa. 146; Hall v. Haines, 38 Pa. Superior Ct. 517. A like power exists where, as here, the parties voluntarily submit their accounts to the jury in an action of assumpsit. Whether the defendant by timely objection could have defeated the latter action, in the absence of an account-stated, we need not decide.

The mere fact that plaintiff was found entitled to a share of the profits, as compensation for his services, did not in our opinion show a partnership (Kaufmann v. Kaufmann, 222 Pa. 58; De Haven's Est., 248 Pa. 271; Strauss v. Mendelsohn, 63 Pa. Superior Ct. 504), but we deem that question unimportant as the same accounts had to be passed upon in any event.

We can only interfere with the action of the trial court in refusing a motion for new trial to correct a manifest abuse of discretion (Whitcomb v. Phila., 264 Pa. 278; McEvoy v. Quaker City Cab Co., 264 Pa. 418), which this record does not disclose.

The assignments of error are overruled and the judgment is affirmed.