PER CURIAM, October 26, 1925:

Judgment for want of a sufficient affidavit of defense was entered against this defendant on December 18, 1923. The defendant subsequently made a number of motions to open the judgment, which in regular order were refused by the court below. He contends that by making these motions, he could prolong the period during which he could be permitted to appeal from the entry of the judgment against him, in default of a sufficient affidavit of defense. This he cannot do; the entry of the judgment was a final order and the defendant could not prolong the time within which he must appeal by motions to set it aside. The court did finally, on the petition of the defendant, on September 18, 1924, grant a rule on the plaintiffs to show cause why the judgment should not be opened. The plaintiffs filed an answer to this petition denying the material averments thereof, no depositions were taken, and the court, on October 10, 1924, discharged the rule. We would not be warranted, upon the record presented, in holding that the court in discharging the rule to open the judgment, was guilty of an abuse of discretion.

The order is affirmed and the appeal dismissed.

---

### Estate of Cornelia Eleanor Cuÿler, Deceased.

*Decedent's estate—Debts of decedent—Arrears in rent—Evidence of waiver.*

A decedent's estate will not be charged with arrears in rent for three years, where there is sufficient evidence to warrant the assumption that the owner of the property did not intend to collect the rent.

An obligation would ordinarily arise to pay rent for the occupancy of property owned by another. But if circumstances show that the parties did not contemplate a contractual obligation, no promise to make compensation for the occupancy will be implied.

Argued October 21, 1925. Appeal No. 204 October T., 1925, by Francis Lewis Cuyler, Casper W. Morris and Joseph Walker, Jr., executors of the estate of T. DeWitt Cuyler, from decree of O. C. Philadelphia County, April T., 1924, No. 1395, in the Estate of Cornelia Eleanor Cuyler, Deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication. Before GEST, and VAN DUSEN, JJ.

The facts are stated in the opinion of GEST, J., the Auditing Judge, and in the opinion of VAN DUSEN, J., sur exceptions to adjudication.

Frances L. Cuyler et al., as executors of T. DeWitt Cuyler, presented a claim for rent of premises 2213 Delancey Street, Philadelphia, from 'April 1, 1920, to July 1, 1923, amounting to $3600.00.

The decedent lived for many years at 2213 Delancey Street, Philadelphia, owned by the Weightman Estate, and leased to the decedent at $90.00 per month, which rent was paid by T. DeWitt Cuyler who, as trustee for the decedent under the will of Eleanor Cuyler, deceased, charged her in his account with said rent up to April 1, 1920. At that time the property was purchased from the Weightman Estate by T. DeWitt Cuyler, and the decedent continued to occupy the same, and this claim is brought for the rent from April 1, 1920, to July 1, 1923, the decedent having died as stated on June 20, 1923.

It clearly appears, however, that when the property, 2213 Delancey Street, Philadelphia, was put on the market or offered for sale by the Weightman Estate, T. DeWitt Cuyler (acting as it was stated in conjunction with his sister, Eleanor DeGraff Cuyler), purchased the property in order that the aunt of the decedent, a lady of advanced years, should not be disturbed in her

occupancy, as would have been the case if the property had been sold to a stranger. He did not, however, charge her with rent in his account as he had previously done when the Weightman Estate was the landlord; no lease was executed to him, and there is no testimony whatever to show that T. DeWitt Cuyler demanded rent, or expected to charge it, or that the decedent agreed to pay rent or expected to pay it. It would seem quite clear that the purchase of the property by T. DeWitt Cuyler was intended as an act of kindness to the aged relative, from which no contractual obligation arose during her lifetime, and which cannot be considered after her death as imposing such obligation on her estate. The claim is dismissed.

The balance for distribution as appears from the account and supplement account, composed of cash, is $2,190.72 which, subject to the payments of any additional tax that may be found to be due, with such interest as may be due thereon, is awarded to the executors of C. Stuart Patterson, one-fifth; to Grace Ledlie Sims, one-fifth; to Theodore Cuyler Patterson, one fifth; to Eleanor DeGraff Cuyler, one-fifth; and to Mary Cuyler, Frances Cuyler, Helen Cuyler, Morris and Eleanor Cuyler Walker, each one-twentieth.

And now, March 11, 1925, the account is confirmed nisi. GEST, J.

It is true that ordinarily an obligation would arise to pay for the occupancy of property owned by another; and that particularly a tenant occupying a property under a lease which stipulated for rent would be liable to pay the rent to the purchaser of the property without any formal assignment of the lease or attornment, as held in Braker v. Deuser, 49 Super. Ct. 215. But if the circumstances show that the parties did not contemplate a contractual obligation, no promise to make compensation for the occupancy will be implied. Illustrative cases, though not dealing with

circumstances quite similar to those with which we are now concerned, will be found in Kneedler v. Winelander, 20 Phila. 274; Gilbraith's Estate, 270 Pa. 288. The circumstances referred to by the Auditing Judge convince us, as they did him, that it was not the intention of Mr. Cuyler to charge rent to the decedent, and the exceptions are, therefore, dismissed.

LAMORELLE, P. J., did not sit.

VAN DUSEN, J.

*Error assigned,* among others, was the decree of the Court.

*Francis I. Gowen,* for appellants.

*Theodore Cuyler Patterson* filed a brief in behalf of the next of kin of the decedent.

PER CURIAM, October 29, 1925:

The opinions of Judge GEST, the Auditing Judge, and Judge VAN DUSEN, of the court below, which will appear in the report of this case, satisfactorily dispose of the questions presented by this appeal.

The decree is affirmed.

---

## Guy A. Willey Motor Company, Appellant, *v.* Anthony F. Ervin and William V. Ervin, Trading as A. F. Ervin & Son.

*Sheriff's interpleader—Automobiles—Title—Bailment lease—Executory sale—Final agreement.*

Where a contract is still executory, there is nothing to prevent the parties from changing it from one of conditional sale to a bailment, no rights of creditors having intervened.

The fact that the original intention of the parties is to make a sale, and that such is the legal effect of their first agreement, does not prevent a change, while it is still executory, into a bailment with an alternative of future conversion into a sale on compliance with the stipulated conditions.