# Comstock, Appellant, *v.* Thompson.

*Partnership—Joint tenancy in land—Sharing in profits—Accounting.*

1. A partnership is not established by the mere proof of existence of a joint tenancy in land.

2. Nor is it established by reason of an understanding that profits from the land are to be shared.

3. A mere promise to give an interest in a partnership at some future time, not complied with, does not give the right to demand a settlement of partnership affairs, as if the understanding had been consummated.

4. If a partnership is sufficiently proved, an accounting may properly be asked, though it does not affirmatively appear that any sum is due complainant.

*Equity—Clean hands—Maxims—Limitation on rule.*

5. The rule that he who comes into a court of equity must come with clean hands, is to be applied where the wrongdoing is in reference to the matter in dispute, and must be connected with the controversy in litigation, so that it has in some way affected the equitable relations subsisting between the two parties, arising out of the particular transaction.

6. The rule should not be applied where an inequitable result would be reached.

7. Proof of misconduct as to part of a transaction will not necessarily deprive a plaintiff from the assertion of rights arising from the remainder of it, which is legally unobjectionable.

8. If his conduct has been in part fraudulent and dishonest he should first offer reparation before asking the aid of a court of equity, and his right to relief may be conditioned on his so doing.

Argued May 3, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 67, Jan. T., 1926, by plaintiff, from decree of C. P. Crawford Co., Sept. T., 1921, No. 1, dismissing

458        COMSTOCK, Appellant, v. THOMPSON.

bill in equity in case of C. F. Comstock v. A. J. Thompson. Reversed.

Bill for accounting. Before PRATHER, P. J.
Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*A. B. Jobson,* of *Breene & Jobson,* with him *Albert L. Thomas,* for appellant.—Under the evidence in this case plaintiff was not guilty of such misconduct as would constitute unclean hands: Dempster v. Baxmyer, 231 Pa. 28.

Under the evidence defendant waived the alleged misconduct of plaintiff in conducting the partnership affairs, and is precluded from invoking against plaintiff the maxim of unclean hands: Lycoming Mut. Ins. Co. v. Slockbower, 26 Pa. 199.

Plaintiff was entitled to a decree for an accounting against defendant although he had been guilty of the alleged acts of misconduct in carrying on the partnership business: Wilson v. Keller, 195 Pa. 98.

*Frank J. Thomas,* with him *Paul E. Thomas,* for appellee.—Appellant's hands were clean: Hay's Est., 159 Pa. 381; Reynolds v. Boland, 202 Pa. 642; McVey v. Brendel, 144 Pa. 235; Bleakley's App., 66 Pa. 187; Orne v. Coal Co., 114 Pa. 172.

Appellee did not condone the offenses of appellant: Batchelder v. Elevator Co., 227 Pa. 201.

OPINION BY MR. JUSTICE SADLER, May 26, 1926:

Comstock filed a bill in equity asking that the defendant, Thompson, be compelled to account for the proceeds of certain lands in which complainant claimed to have an interest. It appeared that several properties were held by Bolard, Harter and Thompson as tenants in common, the latter two conducting a business jointly

in the production and sale of oil. The former acted as resident manager in Oklahoma, where the wells were located. ✦ His one-fourth interest in the leaseholds was purchased in 1909 by the other co-owners, and, later, they acquired additional property, which has long since been either abandoned or sold.

In 1910, plaintiff was employed as the superintendent at a fixed salary, and thereafter had charge of the developments. He contended that, in addition to the amount of monthly compensation agreed upon, both Harter and Thompson respectively undertook to carry for his benefit a one-sixteenth share in the land, being a part of that secured by their purchase from Bolard, the two vendees to be reimbursed for the outlays made from the profits which might be derived from the sale of oil. In 1917, the principal tracts of land were sold, and the purchase price paid to Harter and Thompson in equal proportions. With Harter, who was an uncle of Comstock, the last named made settlement in some way, not disclosed by the testimony, of-any claim against him, but Thompson refused to recognize any liability for a proportionate part of the purchase price of the land disposed of. This proceeding was instituted in 1921 to force a settlement by the latter.

It is not alleged in the bill filed that there was any partnership relation between the three. Indeed one, Harter, was not made a party to this litigation, and the firm was not named as a defendant, nor is it averred that Thompson was a liquidator of its assets. The interests of the parties are designated as tenants in common of undivided interests, and Comstock claimed one-sixteenth of the purchase money paid as against defendant individually. In the general findings of fact made by the learned court below, there is no statement that a partnership existed, though, in answer to two of the 123 requests presented by one side or the other, it declared there was such relation. Defendant's exceptions to both of the answers referred to were overruled.

Since the bill was dismissed on other grounds, to be here-
after noted, no appeal was taken by him from these
rulings, though the alleged errors are called to our at-
tention here.

It may be observed that, whether a partnership can be
said to exist, under the facts here shown, is a question
of fact (Dinger v. Friedman, 279 Pa. 8), but such re-
lationship is not established by the mere proof of exist-
ence of a joint tenancy in the land (Uniform Partner-
ship Act, March 26, 1915, P. L. 18, section 7, paragraph
2; Bell v. Johnston, 281 Pa. 57), or necessarily by rea-
son of the understanding that profits arising from the
sale of oil produced were to be shared: Ehmling v. Ward
Co., 279 Pa. 527. The mere promise to give an interest
in a firm at some future time, not complied with, does
not give the right to demand a settlement as if the under-
standing had been consummated: Beaver v. Slane, 271
Pa. 317; Coens v. Marousis, 275 Pa. 478. In the present
case, it appeared by correspondence of the plaintiff that
the proposed agreement was to be reduced to writing,
but this was not done: Wilson v. Pennsy Coal Co., 269
Pa. 127. If a partnership was sufficiently proved, an
accounting could properly be asked, though it did not
affirmatively appear that any sum is due complainant:
Underdown v. Underdown, 270 Pa. 229. It was denied
that the earnings applicable to payment of Comstock's
supposed share equaled the price paid for it. As we
have determined that the record in the present case must
be returned for further proceedings, the question raised
as to the existence of any partnership relation can
be again brought to the attention of the court, if a fur-
ther hearing is had. We also note the bill averred the
arrangement was merely to purchase "an undivided one-
sixteenth interest in said leasehold," and retain the same
for plaintiff as a cotenant, in which case the effect of
the statute of frauds must be considered: Edgecomb v.
Clough, 275 Pa. 90. This defense, left undecided in the
court below, need not, however, be now discussed.

The proceeding was dismissed on the ground that such misconduct of the manager, Comstock, appeared, as to make impossible the granting of relief, on the principle that "he who comes into a court of equity must come with clean hands," and the evidence showed complainant to have violated his obligation to exercise good faith in his dealings with his employers. The maxim referred to is to be applied where the wrongdoing is in reference to the matter in dispute (Dempster v. Baxmyer, 231 Pa. 28), and must be connected with the controversy in litigation, so that it has in some way affected the equitable relations subsisting between the two parties, arising out of the particular transaction: Hays' Est., 159 Pa. 381. Usually, the cases where found to be enforced are those in which it appears the basis of the claim is fraudulent (Bleakley's App., 66 Pa. 187; Binkley v. Nolt, 46 Pa. Superior Ct. 531); when the agreement, upon which the suit is founded, is proved to have been secured by deceit or false representations (Reynolds v. Boland, 202 Pa. 642; Orne v. Kittanning Coal Co., 114 Pa. 172; Brown v. Pitcairn, 148 Pa. 387), or the joint purpose contemplated was to perform some act in disregard of the rights of individuals or the public: McVey v. Brendel, 144 Pa. 235.

There are limitations to the application of the rule, and the maxim should not be applied where an inequitable result would be reached: 21 C. J. 175. If it appears that the conduct complained of was not wilful, but the wrongful act was committed under an honest belief as to its validity, the plaintiff is not without remedy (Lewis's App., 67 Pa. 153), and the same has been decided where the injury inflicted on defendant was merely the result of negligence (Bradly v. Jennings, 201 Pa. 473), or the harm suffered as a result is small compared with the interest involved, and for which an accounting is asked (Wilson v. Keller, 195 Pa. 98), for it is not every reprehensible act which will bar the maintenance of the suit: 4 A. L. R. 65, note. Proof of mis-

conduct as to part of a transaction does not necessarily prevent the assertion of rights arising from the remainder of it, which is legally unobjectionable: Dempster v. Baxmyer, supra; Barnes v. Barnes, 282 Ill. 593, 118 N. E. 1004. Where, however, the evidence discloses fraudulent and dishonest behavior by complainant, he should first offer reparation before asking the aid of the equity court. "A party purging his conduct as far as possible has obtained relief" (21 C. J. 187), and the right to proceed may be conditioned upon his so doing.

In the present case, the bill was dismissed because of the admitted defaults of Comstock. The court found that he had failed to devote his entire time to his work as agreed upon, having for a certain period received forty dollars a month for services performed for others, had taken certain discounts on materials purchased for his own use, made false charges for money disbursed, and at one time deducted from the balance due by him a month's pay for an absent employee, though this sum was later returned. Appellant claims the entire amount misused to be $734, to which defendant was entitled to one-half, while appellee insists it is more than double this sum. Admittedly, complainant was guilty of some peculation, which he had not offered to make good prior to instituting this proceeding, though the total would seem to be small in comparison with the value of the interest he claims to have owned, and for which he demands a settlement. We are not prepared to say (Wilson v. Keller, supra), that the misappropriation established will deprive Comstock of all rights he might have asserted if his conduct had been without fault. The offer is made in the bill filed to make restitution when an accounting is had. This is insufficient, in view of his own admission that moneys improperly diverted have not been reported and paid over, and, before the court proceeds, further restoration must be made by plaintiff of all sums wrongfully retained. Thereafter, the courts will pass upon the merits of the contention raised by the pleadings.

"Anyone going into a court of equity and asking its aid, whether that aid be such as could be obtained in a court of law, or whether it be of a character obtainable only in a court of equity, submits himself to the jurisdiction of the court, and, in asking its aid, subjects himself to the imposition of such terms as well established principles would require": 10 R. C. L. 392. The record will be remitted for further proceedings. If within ninety days the complainant shall produce for inspection all books and papers relating to the management of the leasehold properties, formerly in his charge, make a full disclosure of receipts and disbursements, and full restitution of all amounts improperly expended and wrongfully applied to his own use, in violation of his obligation, then the case shall be proceeded with, and the rights of the respective parties determined. If the plaintiff shall fail to follow this direction prior to the termination of the period fixed, the bill will be dismissed at appellant's costs.

The decree of the court below is reversed, with direction to proceed as indicated in the foregoing opinion; costs to abide the final determination of the case.