## Dales *v.* Muir et al., Appellants.

Argued Nov. 27, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Leroy Humbert,* with him *Robert N. C. Nix,* for appellants.

*Abraham Friedman,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 2, 1945:

This is a bill in equity by Mildred Bates Dales, individually, and on behalf of Sarah A. Dales, as the latter's interest shall appear, appellee, against Bernard Muir, Earle F. Dales, Earle F. Dales and William D. Dales, trading as Charles L. Dales and Company, appellants, and Charles J. Pommer, Recorder of Deeds of Philadelphia County, to secure (1) cancellation of a conveyance of certain real estate from Muir to Earle F. Dales, (2) conveyance of said real estate by Muir to Abraham Friedman, Esq., in trust for them, pending determination by the orphans' court of their respective interests therein, and (3) an accounting by Earle F. Dales and William D. Dales, trading as Charles L. Dales & Co., of all rents and profits received from said real estate. This appeal is from the decree of the court below granting the relief prayed for.

Charles L. Dales died intestate July 3, 1941, survived by Mildred Bates Dales, his wife, and Sarah A. Dales, his mother. He had been a real estate broker, doing business as Charles L. Dales Company, 1926 West Columbia Avenue, Philadelphia. On January 24, 1940, decedent and Thomas Rafferty represented one Mabel Irvin in a sale of her real estate to the ostensible purchaser, Bernard Muir. Final settlement was made April

3, 1940. In fact, Muir was a strawman and Dales the actual purchaser. On September 30, 1940, Dales represented the Provident Trust Company of Philadelphia in a sale of real estate situate at 1840 North 17th Street, Philadelphia, to the ostensible purchaser, Muir. Final settlement was made December 18, 1940. Muir was again a strawman and Dales the actual purchaser. Upon each of these sales Dales received a commission. Each property was subject to a mortgage, given by Muir. During his lifetime, Dales exercised all rights in and to said real estate consistent with ownership. He did not account to the registered owner, Muir, in any way.

On March 10, 1942, Muir and his wife conveyed both premises to Earle F. Dales without receiving any consideration although it was stipulated in the deed that $100 was the consideration therefor. At the time of this conveyance Earle Dales was aware that Muir was a mere strawman for the deceased. From July 3, 1941, to the present time Earle F. Dales and William D. Dales, trading as Charles L. Dales and Company, have been collecting all rentals from the properties in question.

The record does not establish either knowledge or lack of knowledge on the part of the respective grantors that Charles L. Dales was the purchaser in fact. In the answer filed to the bill in equity appellants aver ownership in Muir by virtue of payment for said properties with his own funds. The chancellor's finding of fact that Muir was acting as a strawman or dry trustee for Charles L. Dales, deceased, was affirmed by the court *en banc.*

Appellants do not contest the findings of fact but contend that the court below erred in granting the relief prayed for solely because the real estate had been acquired in an unlawful manner. Appellee argues, and the court below so held, that the equitable maxim of "clean hands" has no application for the reason that the dispute is not between Charles L. Dales and the parties to the alleged unlawful purchases.

Not every improper act done by a party to a litigation will preclude him from securing equitable relief. The maxim of clean hands is applicable only where the wrongdoing of the plaintiff directly affects the equitable relations subsisting between the parties: *Vercesi v. Petri,* 334 Pa. 385, 387; *Robinson v. Goldberg,* 331 Pa. 401, 405; *Comstock v. Thompson,* 286 Pa. 457, 461; *Fishblate v. Fishblate,* 238 Pa. 450, 457; *Hays' Estate,* 159 Pa. 381, 386; *Finch v. Conrade's Executor,* 154 Pa. 326, 330. In *Fishblate v. Fishblate,* supra, 457, where the defense to a bill in equity for delivery of personal property was that the plaintiff owned and conducted an illegal medical business and was a practitioner therein, this Court said: ". . . . the proceeds thereof . . . are not the subject of taint and cannot be set up by her admitted trustee as a reason why he should retain the fruits thereof: *Hertzler v. Geigley,* 196 Pa. 419."

The stipulation of counsel, which constitutes the record in this case, does not contain any statement which shows that, in fact, there was any fraud perpetrated upon the respective vendees. Assuming, however, the existence of fraud, the result is unchanged. Fraud necessary to invoke the clean hands doctrine must affect the very subject matter at issue. Further, fraud is not a marketable commodity. It can be pleaded only by the one upon whom it is perpetrated and in whom the option to rescind or affirm exists: *Orne v. Kittanning Coal Co.,* 114 Pa. 172. The wrong, if any, was not done to appellants but to a third party. The court below properly held "any alleged impropriety in the conduct of Charles did not in any way affect the equitable relations existing between him and his strawman."

The decree of the court below is affirmed. Costs to be paid by appellants.