## Josco's License

Sidney L. Krawitz, for appellant.

Peter J. Jurchak, special deputy attorney general, for Pennsylvania Liquor Control Board.

DAVIS, P. J., June 12, 1947.—This is an appeal by Andrew F. Josco from an order of the Pennsylvania Liquor Control Board dated April 1, 1947, revoking restaurant liquor license no. R-17019 issued to him for premises known as "Green Circle", situate in Palmyra Township, Pike County, Pa., for the reason that after hearing on a citation duly issued, the board found that "The licensee is not the only person in any manner pecuniarily interested in the operation of the licensed business". An appeal from the said order was duly filed on April 4, 1947, and the matter came on for hearing on April 21, 1947.

From the record we find the following facts:

1. Appellant operates a property situate along Lake Wallenpaupack, Pike County, consisting of 52 acres on which is erected a gasoline station, a restaurant and bar, small grocery store, 24 cottages and a boat dock.

2. That, during the year 1946, said business was operated as a summer business from May until September.

3. That normally the services of at least six people are required for the operation of this business.

4. That at the beginning of the 1946 season appellant was unable to obtain help to operate the restaurant and bar. Consequently, he consulted Edward Kessler, of Gilberton, Pa., a former employe, and requested that Mr. Kessler and his wife work for him in the restaurant and bar during the 1946 season and offered wages of $35 per week.

5. Mr. Kessler refused the offer of employment for himself and wife because he considered the compensation inadequate.

6. Mr. Kessler proposed that he and his wife would perform the services requested for a compensation of one half of the net profits of the restaurant and bar, but were not to be liable in the event of a net loss.

7. Appellant accepted the Kessler proposition and Kessler and his wife proceeded to the licensed premises and performed their duties in accordance therewith, working approximately 16 hours per day.

8. Edward Kessler and wife received for their services at the licensed premises from May to September 1946 room and board and the sum of $839.43, said sum being one half of the net profits of the bar and restaurant.

9. Neither Mr. or Mrs. Kessler made any investment in the business except their services.

10. Appellant paid for the liquor license and purchased the food and liquor and other supplies needed in the business.

11. Appellant supervised the business, being on or about the premises almost continuously, dictated the policies of the business, determined the hours when the business should be operated and the prices charged for food and beverages, and the manner in which the Kesslers should perform their duties.

12. Complete financial records were kept and the entire financial situation was disclosed to the Pennsylvania Liquor Control Board representative at his request.

13. Appellant, Andrew F. Josco, bears a good reputation as to truth and veracity and as a law-abiding citizen.

14. That neither Edward Kessler nor his wife was pecuniarily interested in the operation of the licensed business.

The question for the determination of the court is whether or not appellant is the only person in any manner pecuniarily interested in the operation of the licensed business. Since the record refers to no persons other than appellant and Mr. and Mrs. Kessler, who could possibly have a pecuniary interest in the licensed business, the real question for the determination of the

court is whether or not Edward Kessler and his wife were pecuniarily interested in the operation of the licensed business.

If this matter were to be viewed in the narrowest sense it well might be said that every employe has a pecuniary interest in the operation of the licensee's business. It is from the profits of the operation of the business that wages are paid and the amount of profits may have a very direct bearing upon the amount of the wages. Under our American system it is axiomatic that interest in an employer's business brings pecuniary rewards. From office boy to president of the corporation by reason of industry, integrity and interest may still be the dream of every youth. This narrow construction of the act would require the licensee to perform all of the services in the operation of the licensed business. Obviously, this narrow construction of the act, producing an absurdity, was not intended by the legislature.

"The legislature does not intend a result that is absurd, impossible of execution or unreasonable": Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, 46 PS §552(1).

The Liquor Control Act does not define "pecuniary interest". Counsel has cited no case in which the term is generally defined as applied to the liquor laws, nor has the court from an independent examination of the cases found any general definition of the term as applied to the act of assembly in question. Judge Wickersham, in Appeal of Employees' Home Association of Harrisburg, 50 Dauphin 108, 111, refers to the offending interest as "a proprietary interest". We believe this reference throws some light on the proper interpretation of the term and conclude that the interest to offend the statute must at least sound in the attributes of proprietorship.

The record does not disclose that the Kesslers in any respect assumed any of the privileges or the bur-

dens of a proprietor. Appellant owned the premises, applied to the Liquor Control Board for the license and paid for the license. Initially, out of his own funds, he purchased the liquor and other supplies necessary for the opening of the restaurant and bar. During the entire time the bar was open he maintained control over it. He was on and about the premises practically every hour of the day, dictated the policies, established the prices and directed what Mr. and Mrs. Kessler should do and how it should be done. The Kesslers assumed none of the responsibilities of the business nor does the record disclose that either of them exercised any of the prerogatives of a proprietor in the conduct of the business. They merely performed services at the direction of the appellant.

In this type of business it is particularly important that the licensee have trustworthy employes. A violation of the liquor laws by an employe could easily result in serious financial loss to the employer and eventually might even deprive him of his freedom.

From our general knowledge of the labor situation in 1946 we have no difficulty in believing Mr. Josco when he says he was not able to obtain proper help until he consulted the Kesslers.

The only possible evidence to prove a pecuniary interest in the business on the part of the Kesslers is the sharing of the net profits. If the sharing of the profits was coupled with some measure of domination or control of the business, then, we believe it could reasonably be said that the recipient of the profits had a pecuniary interest in the operation of the business. However, in this case where there was no domination or control of the business by the Kesslers, we fail to see how we could reasonably hold that the Kesslers had a pecuniary interest in the operation of the business without doing violence to the proper interpretation of the statute.

The mere sharing of profits as compensation for services does not show a partnership: Comstock v. Thompson, 286 Pa. 457, 460; Ehmling v. D. L. Ward Co., 279 Pa. 527, 533.

Andracchio Liquor License Case, 160 Pa. Superior Ct. 74, has been carefully examined. We believe it is not controlling in this case by the reason of dissimilarity of facts. The Superior Court said in part (p. 78) :

"The licensee by the lease transferred to the lessee possession of the licensed premises, together with the equipment therein, for the term of three years. The lessees assumed liability for the operation of the business; they owned or had an interest in the liquor stock; they controlled the profits and participated in them; and by depositing all funds in their names, drawing all checks, paying all bills, and making all purchases they clearly manifested complete domination of and responsibility for the enterprise. The arrangement gave the lessees at least a pecuniary interest in the business."

The above quotation shows that the determination was made on facts very different from the present case.

Having found as a fact that neither Edward Kessler nor his wife was pecuniarily interested in the operation of the licensed business, we conclude as a matter of law that appellant, Andrew F. Josco, was the only person in any manner pecuniarily interested in the operation of the licensed business.

We can readily understand that the sharing of profits might be a very important link in a chain of evidence that would show a pecuniary interest. We would not want to give the impression that we believe the sharing of profits is not a very material factor in determining whether or not a person has a pecuniary interest prohibited by the statute.

And now, to wit, June 12, 1947, the appeal of Andrew F. Josco is sustained and the order of the Pennsylvania Liquor Control Board dated April 1, 1947,

revoking restaurant liquor license no. R-17019 issued to Andrew F. Josco for premises known as "Green Circle", situate in Palmyra Township, County of Pike, is reversed.