## De Michelis License

*A. Cavalcante,* for appellant.

COTTOM, J., February 19, 1948.—This is an appeal by Anthony De Michelis from a decision of the Pennsylvania Liquor Control Board, dated April 1, 1947, revoking the distributor's license no. TD-1699, issued for his premises, located at 59 Connellsville Street, Dunbar, Fayette County, Pa.

At the time set for the hearing a stipulation was filed between counsel for the Liquor Control Board and counsel for the licensee that the testimony taken before the examiner of the Pennsylvania Liquor Control Board, on April 17, 1946, shall constitute the testimony upon which the court shall make its findings and determine the said appeal.

From the record we find the following facts:

1. Appellant is a holder of a beer distributor's license no. TD-1699, located in Dunbar, Fayette County, Pa.

2. Appellant purchased the business from N. J. Saldano and acted as manager for Saldano until the license was transferred.

3. H. B. Izzo worked as a truck driver for Saldano for $8 per day.

4. After appellant received the transfer of the license, Izzo demanded an increase in pay.

5. Appellant and Izzo agreed that if Izzo would continue in his employment his rate of pay would be one half of the net profits.

6. Izzo was to conduct the business for appellant but at all times subject to the will of appellant.

7. Appellant kept an accurate set of books, subject to inspection by the Liquor Control Board, in which he detailed the payments to Izzo as well as the amounts received, expenses, etc.

8. Appellant withheld for Izzo social security payments and payments for income tax purposes.

9. The testimony clearly shows that Izzo was not pecuniarily interested in the operation of the licensed business.

10. All moneys received were under the custody and control of appellant and all checks written were on appellant's account.

11. Appellant was the sole owner and dictated the policies of the business of the manner in which Izzo was to perform his duties and Izzo could be discharged at the will of appellant.

The question for determination of the court is whether or not Anthony De Michelis is the only person in any way pecuniarily interested in the operation of the licensed business. Since the record refers to no person other than appellant and Mr. Izzo, who could possibly have a pecuniary interest in the licensed business, the real question for the court's determination is whether or not Izzo was pecuniarily interested in the operation of the licensed business.

If this matter were to be viewed in the narrowest sense it well might be said that every employe has a pecuniary interest in the operation of the licensee's business. It is from the profits of the operation of the business that wages are paid and the amount of the profits may have a very direct bearing upon the amount of the wages. This narrow construction of the act,

producing an absurdity, was not intended by the legislature.

"The legislature does not intend a result that is absurd, impossible of execution or unreasonable": Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52.

The Beverage License Act does not define pecuniary interest. In an appeal of Employees Home Association of Harrisburg, 50 Dauph. 108, 111, Judge Wickersham refers to offending interest as "a proprietary interest". We believe this reference throws some light on the proper interpretation of the term and conclude that the interest to offend the statute must at least sound in the attributes of proprietorship.

In this type of business it is particularly important that the licensee have a trustworthy employe or employes. A violation of the Beverage License Act by an employe could very easily result in serious financial loss to the employer and eventually might deprive him of his freedom.

The only possible evidence to prove a pecuniary interest in the business on the part of Izzo is the sharing in the net profits. However, in this case there was no domination or control of the business by Izzo and we fail to see how we could reasonably hold that Izzo had a pecuniary interest in the operation of the business without doing violence to the proper interpretation of the statute.

In the cases of Comstock v. Thompson, 286 Pa. 457, 460, and Ehmling v. D. L. Ward Co., 279 Pa. 527, 533, the court held: "The mere sharing of profits as compensation for services does not show a partnership."

We can readily understand that the sharing of profits might be a very important link in a chain of evidence that would show a pecuniary interest. We do not want to give the impression that we believe the sharing of profits is not a very material factor in determining whether or not a person has a pecuniary interest prohibited by the statute.

Having found as a fact that Izzo was not pecuniarily interested in the operation of the licensed business, we conclude as a matter of law that appellant, Anthony De Michelis, was the only person in any manner pecuniarily interested in the operation of the licensed business.

### Order

And now, February 19, 1948, the appeal of Anthony De Michelis is sustained and the order of the Pennsylvania Liquor Control Board dated April 1, 1947, revoking distributor's license no. TD-1699, issued to Anthony De Michelis for his premises at 59 Connellsville Street, Dunbar, Fayette County, Pa., is reversed.