## Maurer v. Carsonia Park, Inc.

*Mark C. McQuillen*, for plaintiff.
*R. G. Bushong* and *A. H. Rothermel*, for defendant.

MAYS, P. J., May 16, 1949.—Plaintiff avers that defendant caused to be erected a certain billboard or electrically lighted sign upon the land of plaintiff and that defendant has continued to operate it. Plaintiff seeks to recover a fair and reasonable rental "by reason of the installation of said sign and its continued use by the defendant".

Defendant filed preliminary objections to plaintiff's complaint. Whether these objections are to be considered a motion for more specific pleading or as a demurrer was not definitely set forth in the objections or pointed out at the time of argument. It is sufficient to say that they raised the question of the legal insufficiency of the complaint. We are not convinced it is insufficient for the reasons assigned.

This is a claim on an implied assumpsit, a proceeding not prohibited by the Practice Act of May 14, 1915, P. L. 483 (see Hinsdale v. Call, 78 Pa. Superior Ct. 121), or the Pennsylvania Rules of Civil Procedure. The facts upon which plaintiff relies to recover are sufficiently set forth so that defendant can answer. Plaintiff alleges that defendant is using and occupying his land and refusing to pay a fair and reasonable rental for said use and occupancy. "It is unnecessary for the plaintiff to state in so many words that his claim is based upon a contract", as was suggested at the argument: Miedl v. Miedl, 68 Pitts. L. J. 816. "Where one enters upon and occupies the land of another for his own benefit, with the acquiescence or permission of the owner, without any written or verbal agreement for rent, an implied promise arises to pay a reasonable compensation for the use and occupation of the land which will support an action for such use and occupation": 66 C. J. 89, §13; Grove v. Barclay, 106 Pa. 155. As to whether or not there is an implied obligation, it must be determined in the light of all the surrounding circumstances. The circumstances of a particular case

may or may not, after the testimony is heard, be such as to imply a contract to pay for use and occupancy of land.

". . . ordinarily an obligation to pay would arise for the occupancy of property owned by another. . . . But if the circumstances show that the parties did not contemplate a contractual obligation, no promise to make compensation for the occupancy will be implied": Estate of Cornelia Eleanor Cuyler, 86 Pa. Superior Ct. 502-04.

"Whether an implied contract will spring out of a certain state of facts, is, where there is no dispute about the facts, a question of law for the courts, and not a question of fact for a jury": Kneedler, Patterson & Co. v. Winelander et al., 20 Phila. 274.

It is fundamental in the law that where a person receives anything of value from another "the law implies a promise that he who receives it will pay what it is worth. But this rule has its exceptions": Sterrett v. Wright, 27 Pa. 259-260.

If defendant entered merely as a licensee, there would be no implied contract for the payment of rent. Whether or not there was an entry by defendant as a licensee is a matter within its knowledge and should be averred as a defense to a claim based upon an implied contract. Pa. R. C. P. 1030 states, "The defenses of accord and satisfaction . . . license . . . shall be pleaded in a responsive pleading under the heading 'New Matter'." There is nothing in the complaint which points to defendant being a licensee, and because of this absence, we must conclude that the complaint sufficiently informs defendant as to the details of the claim. It was held in Morel v. Morel, 76 Pa. Superior Ct. 455 (syllabus), a case we rely upon, that "Assumpsit is the proper action to recover compensation for the occupation of real estate by a stranger with the owner's consent. In such case, in the absence of evi-

dence of license, the use and occupation implies a promise to pay the quantum valebat . . ."

We, therefore, dismiss the preliminary objections and direct defendant to file an answer within 15 days from the date of the filing of this opinion.