## Donaldson License

*James Dessen*, for appellant.

*Russell C. Wismer*, for Pennsylvania Liquor Control Board.

CARROLL, J., November 21, 1952.—This is an appeal by Arthur Donaldson, trading as Donaldson's Distributors, from a decision of the Pennsylvania Liquor Control Board dated November 9, 1951, revoking distributor's license no. D1738, issued for premises 1623 Fitzwater Street, Philadelphia, for the following reasons:

1. The licensee is not the only person in any manner pecuniarily interested in the operation of the licensed business in that Milton Donaldson derives a portion of the profits from the operation of the licensed business.

2. On March 31, 1951, licensee, his servants, agents or employes, employed minors under 18 years of age on the licensed premises.

The hearing before this court was de novo and at the hearing counsel for the Pennsylvania Liquor Control Board and counsel for the licensee agreed by stipulation read into the record that licensee did on March 31, 1951, employ two minors, one 16 years of age, six

538

feet two inches tall, weight 185 pounds, and one 17 years of age, 5 feet 11 inches tall, to work upon the premises of the licensed establishment to load cases of beer upon a truck and to assist in the delivery of this beer.

Since the employment of the minors by the licensee is admitted in the stipulation, the sole question remaining for the determination of this court is whether or not Arthur Donaldson is the only person in any way pecuniarily interested in the operation of the licensed business.

Section 436 of the Liquor Code effective September 1, 1951, provides:

"Application for Distributors' . . . licenses shall contain or have attached thereto the following information and statements: . . .

"(f) That applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person shall be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted."

The power to revoke is confined to section 471 of the Liquor Code, supra.

The testimony discloses that partnership income tax returns were filed with the Federal Government and that Milton Donaldson works on the licensed premises in the daily conduct of the business for which he receives, as compensation, one half of the profits. The testimony also establishes the fact that all decisions relating to management and operation of the business are made by the licensee, Arthur Donaldson. Both Arthur and Milton Donaldson specifically denied that a partnership existed between them.

As a practical matter, every employe of a licensee may be said to have a pecuniary interest in a licensee's business because it is from the profits of a business

that wages are paid, and the amount of wages paid may have a direct relation to the profits of any business. To make such finding would be absurd and an absurdity was not intended by the legislature. The legislature does not intend a result that is absurd, impossible of execution or unreasonable: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52.

The Liquor Code does not define a pecuniary interest but in de Michelis License, 65 D. & C. 92, the court held in effect that: "The interest to offend the Statute must at least sound in the attributes of proprietorship."

The evidence establishes that Milton Donaldson shares in the net profits of the business but that he exercises no domination or control of the business which might be construed to partake of a proprietary interest. In Kirkshon et ux. v. Friedman, 349 Pa. 171, the court held that neither a share of the firm's profits, as compensation for services, nor the advancement of a share of the capital, makes one a partner. And in the case of Kingsley Clothing Manufacturing Company, Inc., v. Jacobs et al., 344 Pa. 551, the court states at page 555:

"The fact that one is entitled by agreement to a share of the profits of an enterprise does not necessarily constitute him a partner: DeHaven's Estate, 248 Pa. 271, 93 A. 1013; Comstock v. Thompson, 286 Pa. 457, 460, 133 A. 638, 639. As between the partners themselves partnership is a matter of intention, and where they expressly declare that they are not partners this settles the question, for, whatever their obligations may be as to third persons, the law permits them to agree upon their legal status and relationship inter se."

The evidence does not support a finding that the licensee is not the only person pecuniarily interested in the operation of the licensed business. Upon the evidence the court makes the following findings of fact:

1. That on March 31, the licensee employed two minors under 18 years of age on the licensed premises.

2. That Arthur Donaldson is the only person pecuniarily interested in the operation of the licensed business.

This appeal must be sustained and the decision of the board revoking appellant's license is reversed.

### Order

And now, November 21, 1952, the appeal of Arthur Donaldson is sustained and the order of the Pennsylvania Liquor Control Board dated November 9, 1951, revoking distributor's license no. D1738 is reversed and the license is suspended for a period of 15 days, effective December 1, 1952.