## Jackson, Appellant, *v.* Thomson.

*Equity—Equity practice—Amendment of bill after appeal.*

The plaintiffs in a bill in equity will not, after the case has been heard upon bill, answer, replication and proofs, and after appeal has been taken, be permitted in the appellate court to amend their bill so as to include averments of facts set out in the answer, and this is particularly the case where the alleged facts sought to be introduced into the bill by the amendment were known more than two years prior to the date of the motion to amend, and more than one year before the decree of the court below was made.

*Equity—Equity practice—Bill for reconveyance—Trust and trustees—Findings of facts—Appeals.*

The appellate court will not reverse a decree of the court of common pleas dismissing a bill in equity to compel a reconveyance of real estate alleged to have been conveyed in trust, where the evidence shows that the deed was absolute on its face, and the answer denies any trust, and the court on sufficient evidence finds as a fact that no trust was contemplated by the parties.

An unexpressed intention is not a promise, nor does it create a trust, or convert an absolute deed into a mortgage.

Argued May 13, 1902.    Appeal, No. 247, Jan. T., 1901, by plaintiff, from decree of C. P. Sullivan Co., Feb. T., 1900, No. 1, dismissing bill in equity in case of W. W. Jackson et al., Trustees of George D. Jackson, Deceased, v. Rush J. Thomson and the Citizens National Bank of Towanda, Pa.    Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Bill in equity for a reconveyance in real estate.    Before Mc-Clure, P. J., specially presiding.

From the record it appeared that on July 9, 1897, George C. Jackson and Bernice W. Jackson, executors of George D. Jackson, executed and delivered to Rush J. Thomson deeds for lands situated in Cherry township, Sullivan county, owned by the estate of George B. Jackson.    W. W. Jackson was subsequently substituted as trustee in place of the executors who made the conveyance.    The complainants in their bill alleged that the deeds although absolute on their face were made to secure a loan of the Citizens National Bank of which Thomson was a director.    The deed further alleged that the debt had been paid out of the proceeds of timber and coal sold from the land.    The defendants denied that there was any trust or condition attached to the conveyance, except that Thomson was to pay the indebtedness of the grantors to the bank as a consideration for the deeds.    The court found as a fact that there was no trust, and entered a decree dismissing the bill.

*Error assigned* amongst others was decree dismissing the bill.

*C. LaRue Munson*, with him *Addison Candor, William Maxwell, E. J. Mullen* and *Alphonsus Walsh*, for appellant.

*I. McPherson*, with him *Edward Overton* and *Rodney A. Mercur*, for appellee.

Opinion by Mr. Justice Mestrezat, October 13, 1902 :
We agree with the conclusions of the learned trial judge.

He has found the facts fully and we are not convinced that his findings are not sustained by the evidence.

The appellants have moved this court for leave to amend their bill so as to include averments of fact set out in the answers of the appellee. The answers were filed, January 29, 1900, the replication, February 6, 1900; the case was heard by the court below on the testimony of witnesses and argument of counsel, and on April 15, 1901, an opinion and final decree were filed. This appeal was taken May 31, 1901, and the motion for leave to amend the bill was made in this court on March 17, 1902. This is too late. To permit the amendment would raise an issue which should have been heard and determined by the court below. The alleged facts sought to be introduced into the bill by the amendment were known more than two years prior to the date of this motion and more than one year before the decree of the court below was made. Equity, like the law, abhors laches, and those who sleep on their rights must awaken to the consequence that they have disappeared. Again: this motion was not made in conformity with Rule 49 of the equity rules, nor as required by said rule did the affidavit accompanying the motion contain the averment " that the matter of the proposed amendment . . . . could not with reasonable diligence have been sooner introduced into the bill." The presumption is that the appellants saw the answer shortly after it was filed and hence they then knew the facts disclosed by it and which they now seek to incorporate in their bill. The motion must be denied.

The court below very properly disposed of the case on the issues raised by the pleadings, and on this appeal we are likewise confined within the same limits. The bill avers " that the properties embraced in said deeds were not conveyed to the said grantee (Thomson) absolutely, but that the same were pledged by the grantors to him as collateral security for the payment of $8,100, which amount was loaned by the Citizens National Bank of Towanda, Pennsylvania, to the said George C. Jackson and Bernice W. Jackson . . . . and that said Rush J. Thomson was at the time, and still is, one of the directors of said bank, and the said property was conveyed as a pledge to said Thomson as such director for the purpose of securing the payment of the said sum of $8,100, which George C. Jackson and Ber-

nice W. Jackson borrowed from the said bank, and for no other purpose." It is further averred in the bill that the deeds do not contain the entire bargain between the parties ; that Thomson was to hold the title to the land and timber in trust, apply the proceeds of the timber and bark to his expenses and the payment of the $8,100, and "reconvey to the grantors in said deeds, or their representatives, the balance of the property." In his answer Thomson says : "I deny that said conveyance was made to me for no other purpose than as collateral security for the payment of the said judgment (of $8,100). And I further deny that said conveyances were not made to me absolutely." He further says that he accepted said conveyances without any agreement to do anything more than to pay the indebtedness of the grantors, but it was and is his intention to let the grantors have what remains of the proceeds of the property after the payment of their indebtedness and compensation for his services. The other respondent, the Citizens National Bank, in its answer avers that it refused to furnish money on a deed to Thomson, as trustee, "but if he (George C. Jackson) and Bernice W. Jackson would convey absolutely to Rush J. Thomson the lands mentioned in the bill, respondent would protect their property from the judgment creditors who were then proceeding against them." The respondent further answers that so far as it has any knowledge the deeds contain the entire bargain between Thomson and the grantors ; that respondent never agreed to account and knows nothing about any agreement to account to the grantors or to reconvey to them.

These were the issues of fact raised by the pleadings and they were found in favor of the respondents by the trial judge. It is, therefore, found that the deeds conveyed the property absolutely as their terms purport to do and that they contain the entire contract between the parties. Unless we reverse these findings of fact by the learned judge, the plaintiffs are not entitled to the relief prayed for in the bill. As said above, we are not convinced that the evidence does not support the findings of fact. The deeds are absolute and unconditional upon their face. The respondents declined to accept deeds conveying the property to Thomson in trust. This conclusively appears. The answer of Mr. Thomson in no way militates against the position of the respondent that the deeds were intended to·

convey the title absolutely, clear of any trust or defeasance. Thomson candidly admits that his intention was and is to give the plaintiffs the proceeds of the property conveyed to him after he has paid therefrom the indebtedness of the grantors and has been compensated for his services.   An unexpressed intention, however, is not a promise nor does it create a trust or convert an absolute deed into a mortgage.   It is positively denied that there was an agreement to do either and that denial being sustained by the evidence the plaintiff's case falls.

. We will conclude by saying, as suggested by the trial judge, that the allegation in the bill, if supported by the facts, would convert the deeds into mortgages with parol defeasances, incapable of enforcement by reason of the Act of June 8, 1881, P. L. 84, and that a trust ex maleficio is neither averred nor proved.

It is entirely unnecessary to consider many of the questions suggested in the argument of the appellants.   They are not raised by the pleadings nor involved in the issues presented here for determination.

The assignments of error are overruled and the decree is affirmed.