# Pittsburgh, Appellant, *v.* Pittsburgh & Charleroi Street Railway Company.

*Street railways—Municipalities—Operation of leased cars.*

1. Where a street railway company has the franchise to operate its railway on the streets of a municipality, it may operate not only its own cars, but also the cars which are the property of a company which it has leased. In such a case the cars of the lessor company are for all practical purposes the cars of the lessee company when they are operated over the tracks of the latter company.

*Equity—Equity practice—Amendment.*

2. A court of equity will not permit an amended bill to be filed five months after a final decree has been entered dismissing the original bill.

Argued Oct. 27, 1910. Appeal, No. 133, Oct. T., 1910, by plaintiff, from decree of C. P. No. 3, Allegheny Co., May T., 1909, No. 470, dismissing bill in equity in case of City of Pittsburgh v. Pittsburgh & Charleroi Street Railway Company and Pittsburgh Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity to restrain the cars of the Pittsburgh & Charleroi Street Railway Company from being operated within the limits of the city of Pittsburgh by the Pittsburgh Railways Company, lessee of the Pittsburgh & Charleroi Street Railway Company. EVANS, J., stated the facts to be as follows:

The plaintiff in its bill alleges that it and the two de-

fendants are corporations, the former a municipal corporation, and the latter corporations for the operation of street railway lines. It alleges that the Pittsburgh & Charleroi Street Railway Company was leased to the United Traction Company on January 1, 1902; that the United Traction Company was leased to the Pittsburgh Railways Company on January 1, 1902, and that the cars of the United Traction Company are operated under said lease by the Pittsburgh Railways Company; that the cars of the Pittsburgh & Charleroi Street Railway Company are operated by electricity over a route through various townships and boroughs, through the counties of Allegheny and Washington, and on various streets in the city of Pittsburgh, crossing the Smithfield street bridge in the city of Pittsburgh, along Smithfield street to Liberty avenue, along Liberty avenue to Eleventh street and then returning by the same route to the southern end of the Monongahela bridge; that these cars are also operated over a portion of the route of the Sycamore Street Railway Company, which company is now operated by the Pittsburgh Railways Company, and to which company an ordinance of the city of Pittsburgh was granted on May 15, 1899, providing for the crossing of the Smithfield street bridge; that the Pittsburgh and Charleroi cars are operated over the old Pittsburgh & Birmingham Passenger Railway, which is now operated by the Pittsburgh Railways Company, and to which an ordinance of the city of Pittsburgh was granted on August 29, 1859, and by various subsequent ordinances the right was given to the Pittsburgh & Birmingham Passenger Railway Company and its successor, the Pittsburgh & Birmingham Traction Company; that the Pittsburgh Railways Company is also operating a line of cars known as the Carrick line over the tracks and by various lines now operated by the Pittsburgh Railways Company from the borough of Carrick through the boroughs of Mt. Oliver and Knoxville, through what is known as the tunnel route, and across the Smithfield street bridge, Third avenue, Wood street and Water street, in the city of

Pittsburgh; that the said line has been operated by the Pittsburgh Railways Company since about December 1, 1908, without the consent or authority of the city of Pittsburgh to operate its cars as herein stated; that the Pittsburgh Railways Company has never obtained the consent of the city of Pittsburgh to operate the cars of the Pittsburgh & Charleroi Street Railway over the streets designated in paragraph 5 of said bill, nor has it obtained the consent of the city of Pittsburgh to operate a line of cars to Carrick over the streets designated in paragraph 9 of said bill; nor has the Pittsburgh & Charleroi Street Railway Company obtained such consent or authority.

The defendants demurred to the bill, alleging:

1. That the alleged causes of action set forth and the relief asked against the different defendants are distinct and separate, and the bill is multifarious.

2. That the bill discloses no equity against the defendants or either of them.

3. That it does not appear by the averments of the bill that the operation of the cars therein mentioned is unlawful.

The court dismissed the bill.

*Errors assigned* were (1) in dismissing the original bill and (2) in refusing to permit an amended bill to be filed five months after the original bill was dismissed.

*C. Elmer Bown*, with him *C. A. O'Brien* and *C. K. Robinson*, for appellant.

*David A. Reed*, of *Reed, Smith, Shaw & Beal*, for appellees.

PER CURIAM, January 3, 1911:

To sustain this bill would be, in effect, to hold that the Pittsburgh Railways Company can use no cars but those owned by it in exercising its franchise to run cars over the streets of the city of Pittsburgh. When cars owned by

the Pittsburgh & Charleroi Street Railway Company reach the tracks of the Pittsburgh Railways Company and are operated over those tracks by that company in the city of Pittsburgh, they become its cars for all practical purposes. It can make no difference to the city that it does not actually own the cars which it uses, nor where it gets them, for, as just stated, all cars operated by its employees on the streets of the city are, so far as the city and the public are concerned, its cars, and the bill was properly dismissed on the demurrer to it.

More than five months after the final decree dismissing the bill was filed, the city presented a petition asking leave to file an amended complaint. This was a most unusual application, and all that need be said about it is that we know of no precedent or authority that would have justified the court in entertaining it.

Decree affirmed at appellant's costs.