## Robinson et al., Administrators, *v.* Fulton, Appellant.

*Practice, Supreme Court—Equity—Appeals—Decrees—Act of June 24, 1895, P. L. 243.*

1. Unless all the evidence taken in the court below is printed in the paper-books, findings of fact, and conclusions drawn therefrom, will not be reviewed by the Supreme Court.

2. Where a preliminary decree for an accounting has been affirmed on appeal, matters covered thereby will not be reconsidered on an appeal from the final decree, notwithstanding the Act of June 24, 1895, P. L. 243.

3. Harmless errors furnish no ground for reversal.

Argued June 3, 1918. Appeal, No. 150, Jan. T., 1917, by defendant, from decree of C. P. Fayette Co., No. 413, dismissing exceptions to report of referee, in case of H. L. Robinson and W. C. McKean, Administrators of the Estate of William Crennel, Jr., Deceased, v. Elwood D. Fulton. Before Brown, C. J., Moschzisker, Frazer, Walling and Simpson, JJ. Affirmed.

Bill in equity for an accounting.

Exceptions to report of referee.    Before VAN SWEARIN-GEN, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed.    Defendant appealed.

*Errors assigned* were in dismissing the exceptions.

*H. S. Dumbauld,* of *McDonald & Cray,* for appellant.

*H. L. Robinson,* of *Umbel, Robinson, McKean & Williams,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:

This proceeding began by a bill in equity for an accounting. The court below decreed the accounting, which this court affirmed in 241 Pa. 572. Defendant thereupon filed two accounts; the first one frankly antagonistic to the preliminary decree, and the second upon the basis that that decree was correct. Objections were filed by plaintiff to both accounts, some of which were sustained by the referee, who restated the account; exceptions thereto filed by both parties were dismissed; and from the final decree entered by the court below defendant prosecutes this appeal.

Only a fraction of the evidence is printed. At least thirteen records of the cases in other courts, nine lists of deeds, six agreements, three checks, four findings in the preliminary proceeding, a list of letters, and the testimony of Louis D. Beall, a deceased witness, were all offered in evidence, and none of them are printed. Nor has the bill and answer, the referee's report or the opinion of the court below in the preliminary proceeding, been printed. We must, therefore, dismiss the seventh, eighth, ninth, tenth and eleventh assignments of error, (which appellant admits raise but a single question, viz: Did the court below err "in permitting the plaintiff to share in the profits of 2,233.65 acres of coal added to the Fink field"?) for the reason that the determination of

that question depends on findings of fact which we cannot review, owing to the failure to print all the evidence: Thompson v. Prettyman, 231 Pa. 1.

Appellant admits also that the first six assignments of error raise only a question regarding the scope and binding effect of the preliminary decree. The exact difference between the parties on this point is that appellant claims that that decree settled nothing except that he must account; whereas the court below held with appellees that that decree is conclusive in so far as it specifically sets forth the basis, method and subject-matter of the accounting required.

Appellant to sustain his view quotes the following sentence from our opinion when considering his fifth and sixth assignments on the original appeal: "Those requests were properly refused. They asked the referee to decide in advance of the accounting the basis upon which the liability of defendant to plaintiff should be determined"; and from that he argues that we intended to leave the whole matter at large, despite our affirmance of the decree, which specified the scope and subject-matter of the accounting ordered. If the language above quoted could properly be given the interpretation sought to be placed upon it by appellant, it would be erroneous in law. The purpose of a preliminary proceeding on a bill for an account is to determine for what, if anything, the defendant shall account. If, as here, plaintiff claims to be interested in more than one transaction with defendant, the decree conclusively determines for how many of them defendant should account; or if, as here, they differ as to whether or not in regard to one of those transactions plaintiff is to have an agreed compensation, a specified commission or a share of the profits, the decree conclusively determines that matter also; each determination being with the same effect as if there had been separate suits as to the particular subject-matters of the accounting. And if, as here, they disagree as to the period during which the relation existed for which an

accounting is asked, that also is determined by the decree. What is left open is the account itself, the debits and credits thereof, whether particular matters come within the scope of the decree, and the like. But nothing specifically covered by the decree is left open.

It is true that we held in Beatty v. Safe Deposit & Title Guaranty Co., 226 Pa. 430, that, under the Act of June 24, 1895, P. L. 243, defendant is allowed to appeal from a preliminary decree only when "there is a denial of liability to account"; but it is equally true, under that act, that if an appeal is taken, it shall be "in the same manner as is allowed by law from final decrees." In the present case, defendant denied the duty to account, and hence the extent of the accounting was at issue on the appeal, and was concluded thereby; and this is especially so as the preliminary decree itself was assigned as error and was approved by our decree and we had no intention in our former opinion on this case to alter that conclusion, and have none now.

Nor did we in fact decide otherwise, for it is evident that the language above quoted is not properly subject to the conclusion sought to be drawn from it, when the immediately succeeding language is considered, viz: "Aside from this, the referee has found as a fact that the agreement of March 22, 1901, was in force throughout the whole of the transactions between plaintiff and defendant, and defines their legal relation in the purchase and sale of coal lands. Under the terms of that agreement plaintiff was entitled to receive half of the net profits upon a large part of the transactions concerned, and was not confined to a commission of so much per acre." It is not possible to understand why this language should have been used if appellant was to be still at liberty, as he now claims he is, to deny that that agreement was in force throughout, and that appellee was entitled to a portion of the profits on that large part of the transactions.

The twelfth and thirteenth assignments complain of the referee's findings that a settlement made by defend-

ant; in a suit against the Little Kanawha Syndicate, was without plaintiff's knowledge or consent, though defendant had assigned to plaintiff a contingent interest therein; and hence that settlement was an act of bad faith and made defendant a trustee for plaintiff to the extent of any sum which might be due from him to plaintiff. There is no dispute as to the assignment, which indeed is admitted in appellant's argument, nor is there any dispute but that plaintiff repudiated the settlement and elected to stand on his rights under that assignment. Hence the decree, which, so far as this matter is concerned, simply allows plaintiff to prosecute a suit against the syndicate, in the names of both plaintiff and defendant, if necessary, of course does no harm to defendant, inasmuch as plaintiff is not awarded any of the money received by defendant on the settlement.   Whether or not the matter should have been considered at all by the referee we cannot decide, for the reason that it would depend on the averments of the bill in equity and answer, neither of which is printed in this record.

The remaining assignments are the general ones relating to the decree entered, and, of course, fall with the particular ones above considered.

The decree is affirmed and the appeal dismissed at the costs of appellant.