# Rolshouse v. Wally et al., Appellants.

*Equity—Equity practice—Pleading—Scope of decree—Accounting—Partnership—Oil lease—Amendment.*

1. Where a bill in equity prays for an accounting of profits in the operation of an oil lease particularly described, and the court finds that a partnership existed between plaintiff and defendants not only as to such lease, but also as to an adjoining lease, an accounting will only be directed as to the lease mentioned in the bill, inasmuch as the decree must conform to the pleadings.

2. In such case after a master has been appointed to adjust the rights of the parties, an amendment of the bill will not be allowed, so as to include in the accounting the operations on the adjoining lease.

3. Even if there had been no adjudication of the matters to be included in the accounting, the court could not amend its decree so as to embrace additional transactions, for there was nothing in the pleadings which justified its broadening.

*Partnership—Compensation of partners for services.*

4. Compensation of partners for personal services will not be allowed, where there is no provision for such in the partnership articles.

Argued October 21, 1921. Appeal, No. 204, Oct. T., 1921, by defendants, from decree of C. P. Allegheny Co., Oct. T., 1917, No. 55, on bill in equity, in case of Charles O. P. Rolshouse v. W. C. Wally. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for an accounting.

Exceptions to report of George J. Kambach, Esq., master. Before HAYMAKER, J.

Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Thomas L. Morris,* with him *William A. Wilson* and *L. K. Porter,* for appellants, cited: Lowenstein v. Biernbaum, 8 W. N. C. 301; Butler Savings Bank v. Osborne, 159 Pa. 10.

*John E. Winner,* for appellee, cited: Luther v. Luther, 216 Pa. 1; Summers v. Shryock, 46 Pa. Superior Ct. 231; Spangler Brewing Co. v. McHenry, 242 Pa. 522; Marsh's App., 69 Pa. 30; Delp v. Edlis, 190 Pa. 25.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

The plaintiff asked for an accounting from the defendants for profits arising from the operation of oil and gas wells located upon his land and the adjoining property of Swan. An answer denied any such liability. After hearing, the chancellor found a partnership relation not only as to the wells mentioned, but as to one drilled upon a third property, known as that of Alston. No decree was made, however, which required a settlement of accounts as to the latter well; there could not have been, as the judgment necessarily conformed to the pleadings in the case. Neither unproved allegations, nor matters not alleged, could have been made the basis of any equitable relief: Luther v. Luther, 216 Pa. 1; Spangler Brewing Co. v. McHenry, 242 Pa. 522; Saupp v. Streit, 258 Pa. 211, 215. It was not attempted to amend the pleadings so as to bring the third transaction properly before the court. On the contrary, the defendants denied any duty to account, and appealed from the decision of the court below in holding that this was their legal duty. The result was an affirm-

ance (Rolshouse v. Wally, 263 Pa, 247), which was conclusive, in so far as the decree sets forth its basis, method and subject-matter of the accounting required.

A master was then appointed to adjust the rights of the parties; whereupon, a motion was made to amend the order entered so as to include in the accounting the Alston operation, which had been conducted at a considerable loss. This application was refused, and properly so. "The purpose of a preliminary proceeding on a bill for an account is to determine for what, if anything, the defendant shall account. If, as here, plaintiff claims to be interested in more than one transaction with defendant, the decree conclusively determines for how many of them the defendant should account; or if, as here, they differ as to whether or not in regard to one of these transactions plaintiff is to have an agreed compensation, a specified commission or a share of the profits, the decree conclusively determines the matter also; each determination being with the same effect as if there had been separate suits as to the particular subject-matter of the accounting": Robinson v. Fulton, 262 Pa. 265.

Even if there had been no adjudication of the matters to be included in the accounting, the court below could not have amended its decree so as to embrace additional transactions, for there was nothing in the pleadings which justified its broadening. Had an effort been made to alter the latter, objection could well have been made that the attempt was too late: Schenck v. Borough of Olyphant, 181 Pa. 191; Muehlhof v. Boltz, 215 Pa. 124. Certainly, it is not to be permitted now: Jackson v. Thomson, 203 Pa. 622; Pittsburgh v. Ry. Co., 230 Pa. 189.

Further complaint is made of the refusal of the master to award compensation to the defendants for the personal services rendered in the operation of the wells. The relationship of the parties was that of partners, as conclusively established by the earlier proceeding, which

was affirmed. Under such circumstances, no allowance could be made, in the absence of some proof of a contract to pay: Delp v. Edlis, 190 Pa. 25; Marsh's App., 69 Pa. 30. In view of the former finding, the authorities, cited by appellant, bearing on the respective rights of tenants in common in the settlement of their affairs are clearly inapplicable. The credit asked for was properly disallowed.

The decree of the court below is affirmed at the cost of the appellants.