## Bell, Executrix, Appellant, *v.* Johnston.

*Partnership—Evidence — Joint tenancy — Course of dealing— Uniform Partnership Act of March 26, 1915, P. L. 18.*

1. Both at common law and under the Uniform Partnership Act of March 26, 1915, P. L. 18, the mere existence of a joint tenancy in land, does not of itself establish a partnership, whether such co-owners do or do not show any profits made by the use of the property.

2. On a bill in equity for an accounting against defendant as a partner, where there is evidence of a joint tenancy in oil leases but no proof of a partnership agreement, evidence is inadmissible to establish a partnership by proof of a course of dealing between the parties showing a division of profits and losses.

*Equity—Equity practice—Amendments—Decree.*

3. While an amendment to a bill in equity will be allowed, if a proper application is made, yet if the desired alteration is not applied for in the manner provided by the equity rules, and at the proper time, and permitted, the only decree that can be entered must be based on the allegations appearing in the bill as originally filed.

Argued May 12, 1924. Appeal, No. 253, Jan. T., 1924, by plaintiff, from decree of C. P. McKean Co., June T.,

58    BELL, Executrix, Appellant, *v.* JOHNSTON.

Assignment of Error—Opinion of the Court. [281 Pa. 1921, No. 1, dismissing bill in equity, in case of Mary E. Bell, Executrix of W. W. Bell, deceased, v. Frank M. Johnston. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for accounting as partner. Before BOUTON, P. J. The opinion of the Supreme Court states the facts. Bill dismissed. Plaintiff appealed.

*Errors assigned* were, inter alia, exclusion of evidence, refusal of amendment of bill, and decree, quoting record.

*F. D. Gallup,* of *Gallup & Potter,* with him *James George,* for appellant, cited: Murdoch v. Murdoch, 279 Pa. 97; McIntosh v. Ropp, 233 Pa. 497.

*William E. Burdick,* for appellee, cited: Guenther v. Kuntz, 270 Pa. 144; Muehlhof v. Boltz, 215 Pa. 124; Rolshouse v. Wally, 272 Pa. 506.

OPINION BY MR. JUSTICE SADLER, July 8, 1924:

Mary E. Bell, executrix of her husband, filed a bill in equity, in which she averred that the defendant, Johnston, had been a partner of the decedent, whom she represented, in the purchase and operation of certain tracts of land, on some of which were producing oil wells, a part recorded in the name of Bell, and Johnston being named as the lessee in others. It was set forth that an oral agreement "of partnership or joint adventure" had been entered into on April 1, 1899, and that this relationship in the property then owned, or thereafter acquired, continued until 1919. The assertion was made that the parties named had equal interests in the profits earned, and each was bound to bear a proportionate share of any losses incurred; and, that this arrangement continued for a long period of time, many leases being secured and some owned disposed of, the profits arising from these

transactions, if any, being divided.  Bell having died, an accounting was asked from defendant on the theory that he was a surviving partner.

An answer, raising questions of law, first filed, was disposed of preliminarily by consent of the parties.  The court held the agreement set up constituted a partnership rather than a joint adventure, and decided the former to be the understanding, if any relationship other than that of cotenancy appeared.  No discussion of this ruling is necessary, and its correctness is not seriously questioned by counsel for the appellant.  It may be noted, however, that a joint adventure usually applies to a single transaction, though not necessarily so, and, in so far as equity is concerned, the rights of the parties are to be controlled by the same principles as are those of partners: 33 C. J. 841; Jackson v. Hooper. 76 N. J. Eq. 185, 74 Atl. 130; Edgcomb v. Clough, 275 Pa. 90.  At any rate, neither relationship can be established except by proving a voluntary agreement of the parties, and is not shown alone by the fact of joint ownership in property: 33 C. J. 847.

The learned court below directed a hearing to determine whether a partnership had existed, with a corresponding duty on the part of the survivor to account.  At the trial, testimony was offered which indicated a tenancy in common in the oil leases, the purchases and sales of some of them, and the division of expenses and profits between Johnston and Bell, but nothing was disclosed to show an understanding, oral or written, between the parties establishing a specific agreement of partnership.  After the plaintiff had presented such facts as were available, and it became apparent that no proof of any contract could be produced, as admitted by counsel, an offer was made to show various business transactions disclosing the course of dealings between Bell and Johnston, the entries in their books setting forth receipts and payments, and statements of the defendant and others indicating there was a relationship such as in-

sisted on. This was objected to on the ground that the evidence was incompetent under the pleadings. Plaintiff asked to amend her bill, so as to conform to the proof which she was prepared to present, but made no offer to do so in the manner required by the equity rules; nor did she subsequently make any proper application to effect this end. The court sustained the objection made, and the proposed amendment was not considered. Later, exceptions filed were dismissed, and a final decree entered, from which this appeal is taken.

It is insisted that proof of the facts suggested would be sufficient to support the claim that there was a partnership, and the present case turns upon the solution of this question. The mere fact that the parties were tenants in common in the oil leases, dividing the profits and losses, is not sufficient to justify a finding that Bell and Johnston were so associated. As already noticed, no presumption of such relationship arose from the joint ownership of the land (First Nat. Bank v. Gitt, 259 Pa. 84), though the tenant in common in an oil and gas lease has the right to recover his share of the profits by suit under the Act of April 25, 1850, P. L. 569: McIntosh v. Ropp, 233 Pa. 497, 513.

"As to third persons, [individuals] may subject themselves to liabilities as partners by a course of dealing, or by their acts and declarations, but as to each other their relation depends on their title until, by their agreement with each other, they change it": Butler Savings Bank v. Osborne, 159 Pa. 10, 14. The Uniform Partnership Act of March 26, 1915, P. L. 18, in sec. 7, provides: "Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership, does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property," and this legislation is merely a statement of a rule of law long recognized in Pennsylvania: Dunham v. Loverock, 158 Pa. 197; Neill v. Shamburg, 158 Pa. 263; Butler Savings Bank v. Os-

borne, supra; Laughner v. Wally, 269 Pa. 5. If the plaintiff avers that the defendant bore such relationship, and is subject to the liabilities arising thereby, the burden is upon him to so prove, and it is not sufficient to show that this was their unexecuted intention: Beaver v. Slane, 271 Pa. 317; Coens v. Marousis, 275 Pa. 478; Ehmling v. Ward Co., 279 Pa. 527. Under the authorities cited, it is clear that the evidence offered, if admitted, would not have made out the plaintiff's case.

The claim made was of an oral agreement of partnership. It was frankly admitted that testimony to support this proposition could not be presented, but it is urged that the evidence as to the dealings between the parties was in itself sufficient. We are of the contrary opinion, and it is therefore unnecessary to elaborate upon the assignments of error, which complain of the refusal of the court below to permit the amendment to conform with the proposed proof. It may be noted, however, no attempt was made to change the pleadings, in the way provided by rules of court, at the trial or subsequently. It is true amendments will be allowed, if proper application is made, and formal defects may be cured, even in the appellate courts, to prevent injustice (Murdoch v. Murdoch, 279 Pa. 97), yet if the desired alteration is not applied for as legally directed, and at the proper time, and permitted, the only decree which can be entered must be based on the allegations appearing in the bill: Rolshouse v. Wally, 272 Pa. 506; Guenther v. Kutz, 270 Pa. 144. In the present case, the right to relief rested on the proof of an agreement of partnership, and plaintiff failed to establish such an understanding. The amendment was properly refused, not only on technical grounds, but because, if allowed, and evidence as proposed was introduced, the court would not have been justified in granting the redress asked. It follows the assignments of error must be overruled.

The decree is affirmed at the costs of appellant.