## Joseph Building and Loan Association v. Barclay.

*M. A. Granatoor*, for plaintiff; *Philip Price*, for defendant.

MARTIN, P. J., Aug. 15, 1929.—On Oct. 9, 1925, defendant executed a mortgage bond and warrant to secure the payment of $1500 loaned to him by plaintiff.

Default having occurred by the failure of defendant to make payment as stipulated, judgment was entered Nov. 8, 1928, on the bond accompanying the mortgage. Damages were assessed in the sum of $1575, execution issued and the mortgaged property was sold by the sheriff for $50. An *alias fi. fa.* issued which was returned "*nulla bona.*" Plaintiff filed a petition, averring that defendant is a member of a partnership trading as "Barclay Brothers," a firm consisting of defendant and his brother, Joseph Barclay; that the partners conduct a grocery business on the premises No. 7041 Woodland Avenue in the City of Philadelphia, and that defendant has a 50 per cent. interest in the business.

A rule was granted to show cause why defendant's interest in the partnership should not be charged with payment of the unsatisfied amount of the judgment against him.

An answer to the petition was filed by the defendant in which he denied that he is a partner, or that he has any interest in a partnership, or that there is a firm of Barclay Brothers, or that he and his brother Joseph are partners in any firm or partnership. The answer avers that defendant's brother, Joseph Barclay, conducts the grocery business at the premises No. 7041 Woodland Avenue, that the business is owned by Joseph Barclay, and defendant has no interest, is merely an employee and receives a salary from his brother for services, but has no further business relationship with his brother; and it is specifically denied that defendant has a 50 per cent. interest or any interest in a partnership.

Depositions were taken, in which the representatives of three wholesale grocers testified that sales were made by their concerns to the Woodland Avenue store and entered in the books as made to "Barclay Brothers," and that receipts with the signature "Barclay Brothers" were returned for merchandise delivered at the store. Payment for goods purchased was made in cash. Three shares of stock in the Retail Grocers' Association were subscribed for in the name of "Barclay Brothers" and meetings of the association were attended by defendant. A bank account was opened in the name of "Robert H. Barclay, Barclay Brothers," and Robert H. Barclay was authorized by the bank to sign checks. At the expiration of six months this account was closed and the balance on deposit carried to a new account opened in the name of "Joseph Barclay." A power of attorney signed by him was lodged with the bank authorizing Robert H. Barclay to sign checks.

An application was made for telephone service containing a statement that the trade name was "Barclay Bros." and that the partners were Robert H. Barclay and Joseph Barclay. None of the witnesses called by plaintiff had any personal contact with either Robert H. or Joseph Barclay and knew nothing of their relationship to each other or to the business.

Joseph Barclay testified that he purchased the business with his own money and that his brother Robert paid no part of the purchase price. The bill of sale is in the individual name of Joseph Barclay. He testified that he was working for the transit company, had no business experience, but purchased the business because he was out of work, and that he employed his brother Robert, who was better educated than he was, to help him conduct the business.

Robert H. Barclay, the defendant, testified that he was in the real estate business and acted as the broker in negotiating the sale of the business to his brother Joseph and received a commission from the seller for his services in effecting the sale. Defendant and his brother both testified that Joseph was the exclusive owner of the business and that Robert H. Barclay had no interest beyond the wages paid him for the aid he rendered to his brother in the conduct of the business. Both witnesses swore positively that Robert H. Barclay was not a partner. When the business was started, each brother drew $20 a week. This drawing account was subsequently increased to $25 a week, but the surplus profits were the exclusive property of Joseph Barclay. If Robert withdrew from active participation in the business, he would be entitled to nothing but any arrears of wages that might be due to him.

After argument, the rule to show cause why the interest of Robert H. Barclay in the partnership of Barclay Brothers should not be charged with the balance of the judgment due by him was made absolute. Subsequently, upon the presentation of a petition by counsel for defendant, the court directed this reargument.

The positive testimony that Robert H. Barclay was not a partner in the firm of "Barclay Brothers," which was uncontradicted, completely overcomes the *prima facie* proof of the existence of a partnership arising from the evidence of the business having been transacted under the name of "Barclay Brothers."

It is not claimed by plaintiff that the credit advanced to Robert H. Barclay when the mortgage was created was induced by his holding himself out as a partner in the firm of "Barclay Brothers." The grocery business was not undertaken until several years after the bond upon which judgment is entered was signed by Robert H. Barclay.

Careful consideration of the depositions leads to the conviction that Robert H. Barclay was not a partner in a firm of "Barclay Brothers." There was no proof of any act on the part of Robert H. Barclay, in reference to the judgment, to estop him from denying that he was a partner, and the assumption by persons having dealings with the business conducted at No. 7041 Woodland Avenue that Robert H. Barclay was a member of a firm trading as "Barclay Brothers" cannot establish the fact when rebutted by positive evidence that such was not the case.

In Bell *v.* Johnston, 281 Pa. 57, 60, it was said: "The Uniform Partnership Act of March 26, 1915, P. L. 18, in section 7, provides 'joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership, does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.' "

The share of profits paid to Robert H. Barclay was limited to his wage of $25 a week. He owned no part of the capital, and was not a partner with his brother who conducted the business under the trade name of "Barclay Brothers."

And now, to wit, Aug. 15, 1929, the order heretofore made on July 1, 1929, making absolute the rule to show cause why the interest of the defendant in the partnership of Barclay Brothers should not be charged with payment of the unsatisfied amount of the judgment against him, and the decree appointing Joseph S. Connell receiver is hereby revoked; and it is ordered and decreed that the rule granted March 8, 1929, to show cause why the interest of Robert H. Barclay in the partnership of Barclay Brothers should not be charged with payment of the unsatisfied amount of the judgment against him, entered Nov. 8, 1928, is discharged.