## Varian et al. v. Valley Forge Cement Company et al.

*Smillie & Bean*, for plaintiff.
*Humbert B. Powell* and *Larzelere & Wright*, for defendant.

CORSON, J., January 4, 1935.—The plaintiffs have filed their statement of questions to be argued on appeal and a statement of the evidence they intend to print. By implication, it would appear that the plaintiffs intend to omit from the record all other testimony in the case.

To this statement the defendants have objected, and, after an examination of the statement, it would seem their objections are well taken. Out of the testimony of more than forty witnesses called by the defense, the plaintiffs intend to print the testimony of only one.

In passing upon the question of what testimony should be printed, it would seem that we should at least have before us the questions raised by the assignments of error. According to counsel for the defendants, no assignments of error have been served upon him, and, so far as appears from the record, no assignments of error are before this court in the present matter.

Under the authority of Cuyler's Estate, 6 D. & C. 592, it would appear that it is necessary to file assignments of error before filing the statement of questions intended to be argued by the plaintiffs on appeal. However, we feel that this question should be decided upon the merits.

As already indicated in an opinion handed down in this court in the case of Bernstein, to use, v. Bryn Mawr Trust Co., 21 D. & C. 430, wherein McCullough's Estate (No. 2), 292 Pa. 422, is cited, Rule 55 and the Act of May 11, 1911, P. L. 279, cannot be used as a means of excluding evidence which appellants think does not affect the points they intend to argue, if such evidence can properly be used to sustain the order, judgment, or decree from which the appeal is taken.

In the present case, many of the findings of fact are based upon evidence which appellants do not intend to print. Unless this evidence is printed in one of the paper books, the findings of fact based upon such evidence and the con-

clusions of law drawn therefrom will not be reviewed: Robinson et al., Admrs., v. Fulton, 262 Pa. 265.

It may be, therefore, that if the appellants should be sustained, they would be unable to attack the findings of fact and conclusions of law of which they complain. We cannot sustain the contention of the plaintiffs that they shall print only the testimony of their own witnesses and one witness of the defense. At the argument, counsel for the appellants does not set forth the testimony of any particular witness as being immaterial or irrelevant, and we must therefore place all the defendants' testimony under the same basis and enter the following order:

And now, January 4, 1935, after hearing, it is ordered, adjudged, and decreed that the defendants' objections to the plaintiffs' statement of the testimony they do not intend to print be and are sustained and the plaintiffs are directed to print the entire testimony in the case.

From Aaron S. Swartz, Jr., Norristown, Pa.