**CITY OF WHEELING v. CHESTER et al.**
(two cases).
Nos. 7905, 7906.

Circuit Court of Appeals, Third Circuit.

Argued July 16, 1942.

Decided April 12, 1943.

Rehearing Denied June 4, 1943.

H. F. Stambaugh, of Pittsburgh, Pa., for John N. Chester.

Alexander J. Barron, of Pittsburgh, Pa., for John F. Laboon and others.

Before GOODRICH, Circuit Judge, and SMITH and LEAHY, District Judges.

SMITH, District Judge.

This case is before the court on the appeal (No. 7905) of the defendant John N. Chester, hereinafter referred to as the cross-defendant, and the appeal (No. 7906) of the defendants John F. Laboon, John T. Campbell, D. E. Davis, and Ellis E. Bankson, hereinafter referred to as the cross-plaintiffs, from a judgment entered in the District Court for the Western District of Pennsylvania. A consideration of the ulti-

mate facts as found by the trial judge, which are not disputed, is essential to the determination of the questions here presented, of which the law of Pennsylvania is determinative.

The cross-defendant, John N. Chester, and one Thomas Fleming, Jr., engineers and partners trading as Chester & Fleming, in July of 1918 entered into a written contract of employment with the cross-plaintiff John F. Laboon under which the latter became a "junior member" of the said firm. The pertinent provisions of the contract are quoted in the footnote.[1] In January of 1919 the cross-plaintiff John T. Campbell likewise became a "junior member" of the said firm under a similar oral contract of employment. The said Thomas Fleming, Jr., withdrew from the firm in 1919 and thereafter the cross-defendant continued the business under the name "The J. N. Chester Engineers," and the said cross-plaintiffs continued in his employ under their original agreements. The cross-plaintiffs D. E. Davis and Ellis E. Bankson, in October of 1919 and July of 1920, respectively, entered into similar contracts of employment with the cross-defendant under which they, too, became "junior members" of the firm. The relationship, except as to the cross-plaintiff John F. Laboon, who withdrew from the firm in 1936, remained unchanged until December 22, 1937, when the cross-defendant withdrew from the business under an agreement to which reference is hereinafter made.

The original contracts of employment were amended by written memoranda on January 14, 1926 and September 12, 1929, but these amendments effected no change in the relationship of the parties. It is significant that in each of the said memoranda, and particularly that of September 12, 1929, the cross-defendant reasserted his exclusive ownership of the business. In the latter memorandum the claim of exclusive ownership was reaffirmed in this unmistakable language: "The J. N. Chester Engineers although apparently a Firm or Partnership, nevertheless the sole proprietorship is in J. N. Chester, the so-called partners or Junior Partners being employees on a salary and percentage of the profits, * * *." These memoranda were addressed to each of the cross-plaintiffs and were accepted by them without question.

On May 19, 1922 the City of Wheeling, a municipal corporation, and the J. N. Chester Engineers entered into a written contract under which the latter agreed to prepare the plans and specifications for and to supervise the construction of a purification and filtration plant. Thereafter, the John F. Casey Company, under a contract with the City of Wheeling, undertook the construction of the plant according to the plans and specifications prepared by the J. N. Chester Engineers. The project was

---

1 "Therefore, It is hereby mutually agreed by and between J. N. Chester, Thos. Fleming, Jr., and J. F. Laboon that said J. F. Laboon is to become one of the junior members of the firm of Chester & Fleming, and his name is to appear on the letterheads as a member of this firm, and he is further to receive a salary of Two Hundred Dollars ($200.00) per month and ten per cent (10%) of the net annual profits left from each year's business after all salaries and expenses have been paid, including the established salaries of J. N. Chester, Thos. Fleming, Jr., and J. F. Laboon. This ten percentum of the net annual profits is to be paid said J. F. Laboon in cash as soon after the end of the year as the books can be conveniently closed and balanced and the profit determined.

"It is further guaranteed that said J. F. Laboon's share of profits shall not be less than Three Hundred Dollars ($300.00) per annum, and in case ten per cent (10%) of the total net profits is less than Three Hundred Dollars ($300.00) per annum, said J. F. Laboon is to receive Three Hundred Dollars ($300.00).

\* \* \* \*

"This partnership does not entitle said J. F. Laboon to any interest in the assets of Chester & Fleming consisting of working drawings, money invested in capital, outstanding accounts, equipment and supplies, said assets remaining the property of J. N. Chester and Thos. Fleming, Jr., in accordance with their underlying partnership agreement, * * *.

"It is further agreed that this agreement may be canceled upon three months' notice in writing from any party to this agreement to the other parties and that in case of dissolving this agreement, the percentage of earnings allowed said J. F. Laboon shall be paid up to the date of dissolution of agreement on the basis of the actual earnings for the period intervening between that date and date of last accounts.

"It is further agreed that the fiscal year of Chester & Fleming is the same as the calendar year."

completed in 1924, and the plant was put in operation and accepted by the city in 1925. The contract between the City of Wheeling and the J. N. Chester Engineers led to the present litigation.

The John F. Casey Company on February 23, 1929 brought a suit for damages against the City of Wheeling in the District Court of the United States for the Northern District of West Virginia. A judgment in the amount of $106,288.20 in favor of the former and against the latter was entered on June 1, 1932. This judgment was affirmed by the Circuit Court of Appeals for the Fourth Circuit on January 8, 1935, City of Wheeling v. John F. Casey Co., 74 F.2d 794. This suit was predicated upon an alleged breach of contract occasioned by the negligence of the J. N. Chester Engineers, who, although not a party to the litigation, were fully apprised of it.

On November 3, 1933 the cross-defendant, over the protest of the cross-plaintiffs, withdrew from the cash assets of the business the sum of $15,128.45 with which he purchased three United States Treasury bonds, each of the par value of $5,000, which he retained in his possession as a reserve against the possible liability of the J. N. Chester Engineers to the City of Wheeling. The bonds remained in the possession of the cross-defendant until 1940, when they were sold. The proceeds realized from the sale were then paid to the City of Wheeling under an agreement of settlement, to which reference is hereinafter made.

The cross-defendant withdrew from the firm on December 31, 1937, at which time he assigned and transferred to the cross-plaintiffs, except John F. Laboon, who had previously withdrawn from the firm, "all his right, title and interest in all the assets" of the business. This severance of the relationship was accompanied by a written contract in which the cross-plaintiffs, except John F. Laboon, consented to the retention by the cross-defendant of the Treasury bonds pending the determination of their liability to the City of Wheeling, and

agreed to the deduction of $3,000 from their respective shares of the profits for the calendar years 1932 to 1937, inclusive. This contract is not without ambiguity, but it appears from a reading of it in its entirety that one-fifth of the sum expended in the purchase of the bonds was charged against and deducted from the share of profits earned by and due to each of the cross-plaintiffs for the said calendar years. The books of the J. N. Chester Engineers were closed as of December 31, 1937, and all claims, except those of the cross-plaintiffs to either their respective shares of the profits for the calendar years 1932 to 1937 or the Treasury bonds (or the proceeds realized from the sale thereof), were adjusted.

On February 14, 1939 the City of Wheeling, having paid $106,288.20 to the John F. Casey Company on the judgment hereinabove referred to, brought the present suit against the cross-defendant and cross-plaintiffs, as partners. The cross-plaintiffs, under the Rules of Civil Procedure, asserted cross-claims against the cross-defendant, demanding: first, judgment against him in the full amount of their liability, if any, to the City of Wheeling; and, second, an accounting for either the Treasury bonds or the proceeds realized from the sale thereof. The cross-defendant denied liability to the cross-plaintiffs and asserted a cross-claim against them for the sum paid by him to the City of Wheeling in settlement of its claim. This cross-claim was supported by an allegation that the cross-defendant and the cross-plaintiffs were partners and that the latter, therefore, were proportionally liable for the loss.

While the present suit was pending the cross-defendant, pursuant to a written stipulation to which the cross-plaintiffs were parties, paid to the City of Wheeling the sum of $50,000 in full settlement of its claim. The sum realized by the cross-defendant on the sale of the Treasury bonds was applied in part payment of the settlement; the balance was advanced by the cross-defendant. The said stipulation, however, expressly reserved[2] the issues

---

[2] "Now, Therefore, It Is Agreed between the parties hereto that if the said offer is made and signed by all of them and is accepted by the plaintiff in said action, that neither the execution of the offer by the defendants nor its acceptance by the plaintiff in the action shall prejudice the rights of the parties of the first part to have determined in said action the issue raised by their denial that they were partners of the said J. N. Chester, or to the relief asked for in their cross-claims against the defendant, J. N. Chester, and that any payments made in settlement of said action by any of the parties hereto shall be without prejudice to the determination of said issue."

raised by the cross-claims for determination in this suit. It was on these issues that the suit was tried.

The learned trial judge, having determined that the cross-plaintiffs were not partners of the cross-defendant but were mere "profit-sharing employees," concluded: first, that the cross-plaintiffs were not liable to the cross-defendant for the payment of any portion of the sum paid the City of Wheeling in settlement of its claim; but, second, that the cross-defendant was not required to account to the cross-plaintiffs for either the Treasury bonds or the sum realized from the sale thereof. The former conclusion was correct and, therefore, that part of the judgment which is based thereon must be affirmed; but, the latter conclusion was erroneous and, therefore, that part of the judgment which is based thereon must be reversed.

 It is clear, as found by the learned trial judge, that the cross-plaintiffs were not partners of the cross-defendant but were mere profit sharing employees. It is well established that the indispensable requisite of a partnership is the co-ownership of the business. Uniform Partnership Act, P.L.1915, p. 18 § 6, 59 P.S. § 11; Schuster v. Largman, 308 Pa. 520, 162 A. 305; and other cases hereinafter cited. When the contracts of employment and the supplemental memoranda are considered in their entirety, as they must be, and in the light of the attending circumstances, it is apparent that this requisite was lacking. The receipt by the cross-plaintiffs of a share of the profits of the business as wages did not make them partners of the cross-defendant. Uniform Partnership Act, P.L. 18, § 7, 59 P.S. § 12; Schuster v. Largman, supra; Frazier v. Mansfield, 305 Pa. 359, 157 A. 798; Ehmling v. D. L. Ward Co., 279 Pa. 527, 124 A. 181; Kaufmann v. Kaufmann, 222 Pa. 58, 70 A. 956. The cross-plaintiffs were undoubtedly estopped, under the circumstances here existing, from denying their liability as partners to the City of Wheeling, but, as between them and the cross-defendant, they were not proportionally chargeable with the losses of the business unless they were in fact partners. Bell v. Johnston, 281 Pa. 57, 126 A. 187; Kaufmann v. Kaufmann, supra; Butler Savings Bank v. Osborne, 159 Pa. 10, 28 A. 163, 39 Am.St.Rep. 665.

 The right of the cross-plaintiffs, as profit sharing employees, to an accounting for either the Treasury bonds or the proceeds realized from the sale thereof was based on their contracts of employment. The contracts of employment clearly contemplated the payment to the cross-plaintiffs of their respective shares of the profits at the close of each year's business or as soon thereafter as the system of accounting permitted. Under the contracts the cross-defendant could not charge the losses of the earlier years against the profits of the later years so as to defeat the rights of the cross-plaintiffs to their respective shares of the profits for the later years. Hager v. Reilly, 241 Pa. 297, 88 A. 492; Morehouse v. John M. Kelly Contracting Co., 95 N.J.Eq. 280, 122 A. 374. The loss sustained by the cross-defendant under the contract with the City of Wheeling was not chargeable, as the learned trial judge seemed to think, against the profits of the subsequent years, particularly the years 1932 to 1937. The cross-defendant, under the circumstances here existing, was accountable to the cross-plaintiffs for either the sums charged against and deducted from their respective shares of the profits for the said calendar years or the proceeds realized from the sale of the Treasury bonds. The trial judge, having found that a sum in excess of $3,000 was due to each of the cross-plaintiffs as his share of the profits for the said calendar years, should have ordered an accounting.

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.