## Commonwealth v. Sherwin Equipment, Inc.

*Walter K. Swartzkopf, Jr., Rhoads, Sinon & Reader,* for appellant.

*Eugene J. Anastasio,* Deputy Attorney General, *William C. Sennett,* Attorney General, for Commonwealth.

LIPSITT, J., May 26, 1970.—This proceeding is an appeal by Sherwin Equipment, Inc. (hereinafter referred to as "appellant") from an order by the Board of Finance and Revenue of the Commonwealth of Pennsylvania sustaining a tax settlement by the Department of Revenue. The case was tried before this court on stipulated facts, trial by jury having been waived pursuant to the Act of April 22, 1874, P. L. 109, sec. 1, 12 PS §688.

Appellant is a Pennsylvania corporation with its principal office at New Castle, Pa. On February 15, 1960, it entered into an arrangement entitled "Joint Venture Agreement" with Mesaba Service & Equipment Company, a Minnesota corporation. The agreement provides, inter alia:

"The purpose of the joint venture shall be to buy and to sell or lease, from time to time, such types of vehicles, equipment, machinery, materials and supplies as the parties may determine, and to effectuate such purpose it is contemplated that the parties shall mortgage, pledge or assign any or all of such property and any other property which may be owned by the respective parties and utilized by them or either of them in connection with the activities of this joint venture."

The agreement was for a term of three years, was subject to earlier termination at the election of either party, and contained no provision for renewal. The name designated for the joint enterprise was "Mesaba Equipment Account," and at the time of its formation there were available substantial quantities of used mining machinery and equipment in the Mesaba Range iron ore fields in Minnesota.

During the fiscal year ending March 31, 1961, appellant bought and sold equipment for its own account as well as the aforementioned account from its New Castle, Pennsylvania, office. The activities of the conjunctive endeavor were conducted from offices of the joint enterprise maintained in Hibbing, Minnesota, Plainfield, Indiana, and New Castle, Pa. Machinery and equipment were purchased by employes of the conjoined business assigned to these three offices. Any repairs prior to resale were made at shops in Hibbing, Minnesota. Expenses of the three offices were borne equally by the parties. All purchases of machinery and equipment for the account in question were paid for with checks drawn upon bank accounts in the name of the joint enterprise maintained in Hibbing, Minnesota.

All inventories of the joint business were located outside Pennsylvania. Appellant had no inventories for its own account. As a result of appellant's activities and ownership of property in Minnesota, as a member of the joint enterprise, appellant was required by Minnesota law to secure a certificate of authority as a foreign corporation and was assessed Minnesota State Income Tax for the fiscal year in question.

Under the Corporate Net Income Tax Act, Act of May 16, 1935, P. L. 208, sec. 2, as amended, 72 PS §3420b, a formula is set forth with fractions representing gross receipts, tangible property and wages

and salaries, enabling the apportionment of income of a corporation for tax purposes where it is doing business in more than one State so that the tax may be based on that portion of the income allocable to Pennsylvania. The position of the Commonwealth in this action is that the arrangement in which the appellant was engaged with the Mesaba Service & Equipment Company was one of partnership. If it is a partnership, the reasoning is that appellant would not be entitled to the appropriate fractions, because partnership assets are intangible; thus appellant's interest in its entirety would be assigned to Pennsylvania because of the rule of domiciliary situs.

Appellant in filing its tax report included the income of the joint enterprise in its tax base. However, because it claims a joint venture existed rather than a partnership, it then applied the allocation fractions of the Act assigning outside of Pennsylvania the tangible property located in Minnesota, the wages and salaries paid to employes of the joint enterprise in offices outside of Pennsylvania and the gross receipts of the joint enterprise.

The Commonwealth on settling the tax against the appellant refused to allow the use of allocation fractions. Accordingly, all of the income earned was subject to the Pennsylvania Corporate Net Income Tax.

The determinating question as posed by both parties is whether the business arrangement between appellant and the Mesaba Service & Equipment Company, known as the "Mesaba Equipment Account" was a joint venture or a partnership relationship.

As a general rule, a State may impose a property tax or an excise tax for the privilege of doing business on assets that have acquired a placement within its territory. Assets located outside of the State may not be subject to that State's taxation: Pullman's Palace Car Company v. Pennsylvania, 141 U.S. 18 (1891);

Delaware, Lackawanna and Western Railroad Company v. Pennsylvania, 198 U.S. 341 (1905). This rule is based upon the Fourteenth Amendment to the United States Constitution which prohibits the taking of property without due process of law.

Tangible property has as its taxable situs the State in which it is located: Commonwealth v. Amer. Dredging Co., 122 Pa. 386 (1888). Intangible property on the other hand has a situs in the State in which the owner is domiciled: Commonwealth v. Pennsylvania Coal Company, 197 Pa. 551 (1901). And a corporation has its domicile in the State of incorporation: Commonwealth v. Universal Trades, 392 Pa. 323 (1958), appeal dismissed 358 U.S. 129 (1958), rehearing denied 358 U.S. 938 (1959).

If the enterprise here is held to be a "joint venture," the property owned by the domestic corporate joint venturer is considered to be tangible, and possesses a taxable situs in the state in which it is located, hence appellant would be entitled to make an allocation. On the other hand, if it is a partnership, the partnership interest in appellant's hands is intangible and the taxable situs is Pennsylvania.

The problem in this case is complicated by the lack of decisional law distinguishing joint venture and partnerships. Perhaps the reason is that the nature of the two are very similar and in most situations the issue before a court is whether a business arrangement is a partnership and/or joint venture as opposed to some other type of business enterprise. This perplexity in classifying a business relation as either a joint venture or a partnership is reflected in the following comment from Corpus Juris Secundum in its article on joint ventures, 48 C.J.S. Joint Adventures, page 806, § 1:

"At common law an enterprise of a limited character, such as is now called a joint adventure, was re-

garded in law as merely an informal kind of partnership, and the courts made no attempt to distinguish the one from the other. However, the courts, about the middle of the last century, began to find it convenient to draw a distinction between them, and hence there is gradually building up a body of American law applicable to the relation of joint adventures which may or may not apply to the relation of partners. The divergence between the two relations is still very slight, and is difficult of ascertainment in some circumstances. It has been held that a joint venture is in the nature of a partnership, and that it may be regarded as a limited, special, or quasi partnership. The relation of the parties to a joint adventure is so similar to that in a partnership that their rights and liabilities are usually tested by partnership rules, and in numerous decisions it has been broadly held that both joint adventure and partnership are governed by the same rules of law. . . .

. . . "As respects the character of the business undertaken, the principal difference is that, while a co-partnership is ordinarily formed for the transaction of a general business of a particular kind, a joint adventure is usually, but not necessarily, limited to a single transaction, or is undertaken for one purpose only, although . . . the business of conducting it to a successful termination may continue for a number of years."

This difficulty in categorizing is displayed in the Pennsylvania decisions. In West v. Peoples First National Bank & Trust Company, 378 Pa. 275, 281 (1954), our Supreme Court, citing a prior opinion, Bell v. Johnston, 281 Pa. 57, 59 (1924), said:

"It may be noted at the outset that while a joint adventure is not the same as a partnership, and indeed the agreement between the parties expressly declared that they were not partners in the enterprise, a joint

adventure does partake in many ways of the nature of a partnership, the principal difference being that it usually, though not necessarily, applies to a single transaction instead of being formed for the conduct of a continuing business. . . ."

Thus with this lack of specificity from the authorities, a determination must be made here as to the nature of the business relationship between appellant and Mesaba Service & Equipment Company, a Minnesota corporation, known as the "Mesaba Equipment Account." It certainly does appear that the parties intended to create a joint venture. The agreement of February 15, 1960, was entitled "Joint Venture Agreement." The ownership of the property by the parties was to remain separate, as may be noted from the paragraph of the agreement setting forth the purpose cited above. Each party has the right to assign, mortgage or pledge that property which it contributed. Most important, the business relationship was of a temporary nature. The agreement established a limited term of three years without a provision for renewal. Further, neither party could bind the other without authorization for paragraph 7 provides that:

"Neither party shall bind the joint venture in any manner without the prior consent or authorization of the other. Neither party shall engage, without the previous consent of the other, in any activities which tend to compete with the business purposes of the joint venture, unless such activities are engaged in for the joint remuneration of the parties."

It must also be pointed out that prior to 1966 a corporation had no power to be a partner. A 1966 amendment to the Pennsylvania Business Corporation Law, Act of May 5, 1933, P. L. 364, the Act of January 18, 1966, P. L. (1965) 1305, sec. 12.1, 15 PS §1302(18), enabled a corporation to be a partner. It was, of course, permissible prior to 1966 for a corporation to

enter into a joint venture: Nolan v. J. & M. Doyle Company, 338 Pa. 398 (1940).

A key opinion which both parties rely upon in this controversy is McRoberts v. Phelps, 391 Pa. 591 (1958). The facts in the case are somewhat complicated. For present purposes it will suffice to say that there were two individuals who were engaged jointly in an enterprise to obtain leases upon Pennsylvania lands to drill for gas and oil. Capital contributions were sought from others and the principals gave their services. The question for decision was whether or not the contributors to the business were entitled to a share in the profits. The court decided that the funds advanced were not loans, but were contributions to capital, and these persons were entitled to share in the profits as joint adventurers. The Commonwealth may well be correct in its analysis that the court could have said that the relationship was that of a partnership and reached the same result.

However, the contention of appellant is that the definition of joint venture by our Supreme Court in the McRoberts' case does set forth the standards for the purpose of classification of a joint venture arrangement. This argument should not be disregarded but again a dilemma arises because many of the criteria could be attributed to a partnership as well as a joint venture. For instance, a joint venture was said to be an arrangement where profits must be shared among the parties. If there is a unique factor in a joint venture which distinguishes it from a partnership, using the McRoberts' language (at p. 599), there is "usually . . . a single business transaction rather than a general and continuous transaction." Similar wordage is found in the definition of Black's Law Dictionary and in the discussion found in 48 C.J.S. Joint Adventures §1, cited supra, and 46 Am.

Jur. 2d, Joint Ventures, Page 24, §4. See also Bell v. Johnston, supra.

Obviously the parties did not contemplate a single transaction. The contract envisaged the buying and selling of different pieces of equipment from time to time. Notwithstanding this stated purpose it does not seem unreasonable to regard a series of similar transactions for a specific purpose for a limited period as a detached business transaction. Here the Mesaba Equipment Account was formed for the fixed purpose of buying and selling or leasing certain equipment and supplies. This was not a general business purpose. It was apparently intended to capitalize upon the purchases and resale of mining machinery which was located in a definite geographical area. Further, the relationship was not a continuing one but was confined to three years with no renewal provisions. To sum up it could be said that the Mesaba Equipment Account was formed with the necessary degree of specificity of purpose to meet the requirement of a "single business transaction." No cases have been pointed out where a single transaction is defined as an isolated transaction and all of the Pennsylvania cases which have set forth the requirements for a joint venture have been careful to add that a single purpose or transaction is usually, but not always, required: Tax Review Board v. Green, 409 Pa. 448 (1963); McRoberts v. Phelps, supra; West v. Peoples First National Bank & Trust Company, supra; Bell v. Johnston, supra.

The Supreme Court of Florida in the case of Klaber v. Klaber, 133 So. 2d 98 (1961), at page 100, defined a joint venture as "an express or implied agreement of two or more persons to combine their property or time or both in a *specified course of business,* or in a particular business transaction. . . . " (Italics

supplied.) The activities of the Mesaba Equipment Account would indeed fall within this description.

The Commonwealth seems to regard the Federal income tax return as an important admission, because the income from the Mesaba Equipment Account is therein designated as partnership income. This is hardly a fair inference. Whether an account is labelled a partnership or a joint venture in a Federal return carries no tax implication.

In view of this discussion, it must be concluded that the evidence establishes an arrangement which was not only intended to be but was in fact a joint venture conforming to the standards available to measure and define a joint venture.

Accordingly, we draw the following

### CONCLUSIONS OF LAW

1. The joint enterprise created pursuant to the "Joint Venture Agreement" of February 15, 1960 was a joint venture.

2. Appellant's ". . . entire business . . . is not transacted within this Commonwealth. . . ," and it is entitled to use the three allocation fractions in the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, sec. 2, as amended, 72 PS §3420b, in computing its Corporate Net Income Tax for the fiscal year ending March 31, 1961.

3. The Corporate Net Income Tax of the Sherwin Equipment, Inc., for the fiscal year ending March 31, 1961, is assessed at $350.47 plus any applicable interest.

We, therefore, make the following

### ORDER

And now, May 26, 1970, the appeal of Sherwin Equipment, Inc., from the order entered by the Board of Finance and Revenue dated March 11, 1965, is sustained. The Pennsylvania Corporate Net Income Tax

of Sherwin Equipment, Inc., is assessed at $350.74 plus any applicable interest, and it is directed that judgment be entered in favor of Sherwin Equipment, Inc., and against the Commonwealth of Pennsylvania, unless exceptions are filed within (30) days hereof.